## BARKER v. UNITED STATES.

### No. 12858.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1949.

804

Harold D. Putman, San Antonio, Tex., for appellant.

H. W. Moursund, U. S. Atty., San Antonio, Tex., Wm. H. Russell, Jr., Asst. U. S. Atty., San Antonio, Tex., Joel W. Westbrook, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from an order of the court below, denying appellant's motion under Section 2255, New Title 28 of the United States Code Annotated, to vacate a sentence of five years, which had been given him for violating the Fugitive Felon Act, 18 U.S.C.A. § 408e, now Section 1073, Title 18 U.S.C.A.

The facts that resulted in the conviction, and on which appellant is seeking to have the sentence vacated, are as follows: The petitioner and Houston Hubert Barker were charged by indictment with having traveled from Leakey, Texas, within the San Antonio Division of the Western District of Texas, to Brookhaven, Mississippi, with intent to avoid prosecution under the laws of Texas for the offense of burglary, in violation of Section 408e, Title 18, U.S.C.A. Counsel was appointed by the court to represent appellant and his co-defendant. The former entered a plea of guilty to the indictment, and on March 12, 1948, was sentenced to confinement in a penitentiary for a period of five years, said sentence to begin upon the expiration of the sentence imposed against him in Criminal Cause No. 15,584, styled the United States v. Paul Dean Barker and Houston Hubert Barker. On March 14, 1949, appellant filed a motion to vacate the judgment and sentence imposed on him in this cause. After a hearing was had on the motion, appellant being represented by counsel, the court entered an order denying it.

Appellant's contention on this appeal is that the indictment was fatally defective in that it did not charge an offense within the meaning of said Section 408e; that it did not allege facts sufficient to apprise appellant of the nature and cause of the accusation against him; and was not sufficient to bar another prosecution for the same offense. The gist of appellant's contention is that the indictment should have contained the word "charged" instead of "committed" because the provisions of the act require that a violator of the statute must be charged with the State offense rather than that the person had committed the offense of burglary and thereafter traveled from the State. The indictment referred to, omitting formal parts, is as follows: "On or about January 1, 1948, Paul Dean Barker and Houston Hubert Barker traveled from Leakey, Real County, Texas, within the San Antonio Division of the Western District of Texas, to Brookhaven, Mississippi, intending thereby to avoid prosecution for an offense of burglary committed by them under the laws of the State of Texas, in Leakey, Real County, Texas, within the San Antonio Division of the Western District of Texas."

The statute under which the indictment was drawn is as follows, 18 U.S.C.A. § 408(e): "It shall be unlawful for any person to move or travel in interstate or foreign commerce from any State, Territory, or possession of the United States, or the District of Columbia, with intent either (1)

to avoid prosecution \* \* \* for murder, kidnapping, burglary, robbery, mayhem, rape, assault with a dangerous weapon, or extortion accompanied by threats of violence, or attempt to commit any of the foregoing, under the laws of the place from which he flees; or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of a felony is charged. Any person who violates the provision of this section shall, upon conviction thereof, be punished by a fine of not more than \$5,000 or by imprisonment for not longer than five years, or by both such fine and imprisonment. Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed".

The second offense denounced by the statute relates to the moving or traveling of a person in interstate or foreign commerce to avoid giving testimony in any criminal proceeding in such place in which the commission of a felony is charged, and is not applicable to the offense with which the appellant was charged in this case. What appellant attempts to do is to combine that part of the language of the first and second parts most favorable to him, and to disregard completely the true intent of the statute. There are two separate and distinct offenses denounced by the statute, and the language defining the second offense is not controlling here.

It seems clear to us that the indictment was couched in almost the exact language of the statute, and contained all of the essential elements of the offense charged therein. The defendant, represented by counsel, entered a plea of guilty, and by so doing admitted all of the essential elements of the offense charged. The indictment sufficiently informed the appellant of the nature and cause of the accusation against him, and was specific enough to enable him to be protected from a second prosecution for the same offense.

The gravamen of the offense under the Fugitive Felon Act is that the defendant fled from a state with intent to avoid prosecution therein. That is exactly what this indictment charged the appellant with doing. We find no reversible error in the record, and the order appealed from is

Affirmed.