**UNITED STATES of America,**
**Plaintiff,**

v.

**PILLSBURY MILLS, Inc., Allan Q. Moore,**
**and Anthony C. Owens, Defendants.**

**Cr. No. 8633.**

United States District Court
D. Minnesota, Fourth Division.

March 29, 1955.

Finke, Jacobs & Hirsch and Herman Somners, New York City, for plaintiffs.

John J. Dwyer, New York City, for defendant.

U. S. Attorney George E. MacKinnon, St. Paul, Minn., for plaintiff.

Pierce Butler, St. Paul, Minn., for Pillsbury Mills, Inc.

DEVITT, District Judge.

Defendants are charged with violating the provisions of Title 15, United States Code Annotated, § 714m, which prohibits the making of false statements to the Commodity Credit Corporation of the United States Government.

Specifically, defendants are charged with obtaining government export subsidies for Pillsbury Mills on the basis of false statements which defendants allegedly caused to be made to the Commodity Credit Corporation. Defendants allegedly caused it to be stated that certain flour milled by Pillsbury Mills for export purposes was milled wholly from American grown wheat, when defendants knew that a substantial portion of the wheat used was in fact grown in Canada, and consequently that flour produced therefrom was ineligible for government subsidy. A conspiracy is also charged.

On March 2, 1955, counsel for the defendants moved to strike certain allegations from the indictment as surplusage and prejudicial to the interests of the defendant. The Court granted this motion, except as made to Count 1, Overt Act (4), from the Bench.

Defendants also moved for a Bill of Particulars under Rule 7(f), 18 U.S.C.A. Counsel for the respective parties have reached agreement concerning the furnishing of certain requested particulars. The government orally, and in their responsive brief, furnished additional facts

requested. Issue still exists as to paragraphs 2, 3, 4, 6, 9 and 11 of the Motion.

The Court denied paragraph 11 of defendant's motion from the Bench, leaving paragraphs 2, 3, 4, 6 and 9 for decision now.

■ Preliminarily, the Court reiterates what other courts have already stated in this regard, namely, that decision must be made largely on the basis of the facts and circumstances presented in each case. See United States v. Onassis, D.C.1954, 125 F.Supp. 190, 213; United States v. Balaban, D.C.N.D.Ill. 1939, 26 F.Supp. 491, 499.

■ It is well settled that the purpose of bills of particulars is to inform the defendant of the specific nature of the offense with which he is being charged. United States v. Foster, D.C.S.D.N.Y. 1948, 80 F.Supp. 479; United States v. McKay, D.C.E.D.Mich.1942, 45 F.Supp. 1001.

Obviously, another purpose is to avoid or minimize the danger of surprise to the defendant at trial. See United States v. Onassis, supra; United States v. Allied Chemical & Dye Corporation, D.C.S.D. N.Y.1941, 42 F.Supp. 425, 428.

■ On the other hand, a bill of particulars is not designed for nor should it be used to compel the government to disclose in detail the evidence which it intends to use at trial. See Johnson v. United States, 5 Cir., 1953, 207 F.2d 314, 320, certiorari denied 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087; Nye & Nissen v. United States, 9 Cir., 1948, 168 F.2d 846, 851, affirmed 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919; United States v. Rainey, D.C.W.D.Mo.1950, 10 F.R.D. 431, 433; United States v. Greater Kansas City Retail Coal M. Ass'n, D.C.W.D.Mo. 1949, 85 F.Supp. 503, 512.

■ An important effect of a bill of particulars as contrasted to discovery procedures in general, is that not only does the bill of particulars produce additional information concerning the offense charged, but it also has the concurrent effect of limiting the scope of proof available to the government at trial. See Braatelien v. United States, 8 Cir., 1945, 147 F.2d 888, 892; United States v. Greater Kansas City Retail Coal M. Ass'n, supra, 85 F.Supp. at page 512; United States v. McKay, supra, 45 F. Supp. at page 1004.

Barron's Federal Practice and Procedure, Sec. 1917, contains a splendid statement of the purpose of and limitations to, bills of particulars. The cases and summaries of them are contained in the footnotes.

Defendant's Motion for a Bill of Particulars in the instant case enumerates in considerable detail information and material alleged to be necessary to the proper preparation of their case. Most of the requests seek evidentiary matters. This is best illustrated by quoting in its entirety paragraph 9 of defendant's motion:

"9. Will the Government please disclose and furnish to defendants true and correct copies of all written documents which it intends to offer as evidence at the trial of this action?"

■ A request for information and material such as this is entirely too broad. It seeks disclosure of evidentiary matters intended for use at trial without specifying particular documents. The request is clearly outside of the proper scope of a bill of particulars.

Paragraph 2 asks the government to furnish those documents relating to overt act 1 of Count 1 of the indictment, which the government intends to offer as evidence at trial.

Paragraph 3 requests not only that certain unnamed means of communication be divulged but also that the government furnish copies of any related written documents, or as to any oral conversations, that the government disclose the names of the parties to the conversation and the dates, places, and substance of such oral conversations.

Paragraph 4 of the motion requests the government to "furnish to the defendants copies of any and all memorandums, interoffice communications or other written documents in its possession constituting a record of or relating to the alleged meeting of November 15, 1950, at Washington, D. C. described in said overt act 2."

Paragraph 6 requests more specific information relating to the manner in which defendants are charged with having caused John Stopka to make the allegedly "false and fraudulent statements." This paragraph also asks for copies of any such causative communications or exact details, including the substance of any oral conversations.

█ █ All of these requests seek information which is essentially evidentiary.

█ On careful consideration of the question, this Court believes that the indictment in the instant case specifies in sufficient detail the nature of the offense with which defendants are charged. Of particular persuasiveness are the words of the Court of Appeals for the Ninth Circuit in Rubio v. United States, 1927, 22 F.2d 766, 767–768, certiorari denied 276 U.S. 619, 48 S.Ct. 213, 72 L.Ed. 734, when in considering a conspiracy prosecution, the court said:

> "To require the government to set forth every act tending to connect each of the parties charged with the conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case. Such is not the office or function of a bill of particulars. In almost every prosecution facts and circumstances are given in evidence of which the charge in the indictment gives no notice. If the defendant is taken by surprise, the court has ample power to protect him by granting a continuance upon a proper showing, or by granting a new trial if his rights cannot otherwise be safeguarded; but, if not taken by surprise, he has no just ground for complaint."

It Is Ordered:

1. That the government, within twenty-five (25) days after the service of a copy of this order, file and serve a bill of particulars containing the information agreed upon between the parties; and

2. That paragraphs 2, 3, 4, 6 and 9 of defendant's Motion for a Bill of Particulars be denied.