**UNITED STATES of America,**

v.

**Francis Joseph FUENTES et al.,**
**Defendants.**

United States District Court
S. D. New York.
March 18, 1958.
As Amended March 24, 1958.

Paul W. Williams, U. S. Atty., James R. Lunney, Esq., Asst. U. S. Atty., New York City, for United States.

Theodore Krieger, New York City, for defendant Fuentes.

NOONAN, District Judge.

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure (Title 18 U.S.C.), defendant Fuentes moves to inspect statements made by him which are now in the possession of the government. He asserts that such statements were made by him after his arrest and prior to his arraignment before the United States Commissioner.

He also moves to inspect and analyze the alleged narcotic drugs referred to in the indictment, and to inspect and copy the laboratory report as to those drugs made on behalf of the United States Attorney.

In addition thereto, he seeks a Bill of Particulars.

Turning first to the motion for inspection of the statements, we note that there have been many decisions by federal judges on both sides of the question. In this circuit alone much has been written at the District Court level by both schools of interpretation of that rule, and there appears to be little use in any further extended analysis at that level.

Quite simply, the history of Rule 16 does not appear to bear out the interpretation that such inspection should be permitted at this stage of the proceedings. In addition, it appears to this court that, if the defendant told the truth in his statement (as should be presumed) he should have little difficulty telling the same story to his counsel; if he did not tell the truth in his statement, he ought not now to be given an opportunity to review his inaccuracies and, possibly, to renew them when and if he takes the stand.

Turning next to the motion to inspect and analyze the alleged narcotics (presumably pursuant to Rule 16), the defendant is entitled to such relief under that rule only when the substance was obtained from or belonged to the defendant or was obtained from others by seizure or by process. Such does not appear to be the case here with respect to either the alleged narcotic drug or the chemists' analysis.

Finally, turning to the motion for a Bill of Particulars, the court makes the following disposition thereof:

(1) granted on consent of the government as to items Nos. A. 3, C. 3, 6 and 10;

(2) granted as to items Nos. A. 2, B. 2, and C. 2;

(3) granted as to items Nos. A. 1, B. 1, C. 1, 9, and 13 except that as to time, an approximate time will suffice;

(4) denied as to items Nos. A. 4, 5, 6 and 7, B. 3, 4 and 5, and C. 4, 5, 7, 8, 11, 12 and 14.

Accordingly, the defendant's motions are denied except that the government is directed to furnish the defendant with a Bill of Particulars to the extent indicated in this opinion.

So ordered.