648

UNITED STATES of America,
Plaintiff,

v.

Rocco Salvatore LUPINO, Also known as
"Rocky", Defendant.

No. 4-58-Cr-77.

United States District Court
D. Minnesota,
Fourth Division.

Aug. 14, 1958.

Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for plaintiff.

Sidney Goff, St. Paul Minn., for defendants.

DEVITT, District Judge.

The defendant is charged by indictment with violation of 18 U.S.C.A. § 1073, the Fugitive Felon Law. It is alleged in the first count of the indictment that the defendant unlawfully fled from Hennepin County, Minnesota to South Carolina with the intent to avoid prosecution under Minnesota law for the crime of first degree murder. Count two charges that the defendant unlawfully fled from Hennepin County, Minnesota to South Carolina with intent to avoid prosecution under Minnesota law for the crime of kidnapping.

The defendant has made several motions. The first is to dismiss the indictment because the Court is without jurisdiction of the subject matter or of the person of the defendant, and that it does not state facts sufficient to constitute an offense. The second motion is for a bill of particulars, and the third is for a transfer of this case from the Fourth to the Third Division where, it is asked, the case be consolidated with that of one

John Frank Azzone, who is charged with the same offenses and who is represented by the same counsel.

The motions will be taken up seriatim.

The first motion for dismissal is based principally on the theory that no indictment, information or complaint had been issued against the defendant by the State of Minnesota prior to his alleged flight, and hence there was no "prosecution" pending from which the defendant could flee in contravention of the statute. The defendant argues that the word "prosecution" as used in the statute contemplates the prior institution of some formal proceedings.

In so far as pertinent, the statute, 18 U.S.C.A. § 1073, reads:

"Whoever * * * travels in interstate * * * commerce with the intent * * * to avoid prosecution * * * under the laws of the place from which he flees, for murder, kidnapping * * * shall be fined not more than $5,000 or imprisoned not more than 5 years, or both.

"Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed * * *."

 The issue raised by this argument is whether, when it was made a crime to travel in interstate commerce with the intent "to avoid prosecution", the Congress intended that there first be some criminal action instituted by the authorities of the state from which flight was made, as argued by the defendant, or whether it was intended only that the crime be committed and that the defendant travel in interstate commerce with intent to avoid prosecution.

A reading of the statute leaves one with the impression that the principal elements essential to its violation are: (1) the commission of a crime, followed by (2) interstate travel and (3) with intent to avoid prosecution under the laws of the state from which flight originates. There is no indication that the expression "prosecution" is used in any established technical or legal sense.

If the construction urged by the defendant were the correct one, then I dare say that the statute would be an ineffective aid to the capture or prosecution of fleeing felons because of the time which would necessarily be required to institute some formal prosecution. It must be an innate instinct of a person who has committed a crime to immediately leave the scene. By modern means of transportation it takes only a matter of hours for one to reach a state border and move into interstate commerce. It would normally take at least a day, and more likely several days, for a complaint or information to be filed. To summon a grand jury and secure the return of an indictment would probably take much longer. Hence, if defendant's interpretation of the statute is accepted, the law would be an ineffective instrument for justice.

It is more probable that the Congress contemplated that the law should apply to a person who travelled in interstate commerce in order to avoid being prosecuted, whether formal machinery for the prosecution had been started or not. An examination of the legislative history of the law and of the Congressional Reports accompanying its enactment furnishes no significant guideposts to interpretation, but this is the view of the law adopted by the Court of Appeals for the Second Circuit when, on May 13, 1957, in United States v. Bando, 244 F. 2d 833, 843, it held that no formal indictment or charge was an essential precedent to a violation of the statute. There the Court said that:

"The words 'to avoid prosecution' means 'to avoid being prosecuted.' The statute does not say 'to avoid a *pending* prosecution.' "

The Court observed that this law was a part of the anti-racketeering legislation passed in 1934 and was intended to enable Federal agencies to go into action against criminals who "flee from the scene of the crime beyond the jurisdiction of the State wherein the crime is

committed and evenually escape punishment entirely." The Court then pointed out that the construction urged by the defendant there, as it is here, would serve in great measure to frustrate federal law enforcement agencies by preventing them from going into action promptly and would set a premium on a quick get-away across the state line by a criminal who had committed one of the crimes of violence set out in the law.

The Court of Appeals for the Fifth Circuit has similarly viewed the statute. See Barker v. United States, 5 Cir., 1949, 178 F.2d 803.

For the reasons stated, defendant's motion to dismiss the indictment is denied.

 Defendant also moves for a bill of particulars in several regards. At the hearing the United States Attorney stated, in answer to two of the particulars requested by the defendant, that the crime of murder was allegedly committed in Ramsey or Washington County, and somewhere near the border between them, and that the body of the person allegedly murdered, Anthony Ralph De-Vito, had not been found. As to the other particulars requested in the motion, the defendant either knows the answers or is not entitled to them. A bill of particulars is not something to which the defendant is entitled as a matter of right, and the government need not furnish all of the facts which the defendant wants, or which he may think desirable. It is only necessary that the defendant be apprised of the essential facts constituting the crime alleged. See Fed.R.Crim.P. 7(f), 18 U.S.C.A.; United States v. Pillsbury Mills, Inc., D.C.Minn.1955, 18 F.R.D. 91. The motion is denied.

 The third motion is for a consolidation of this case with that of John Frank Azzone, similarly charged and represented by the same counsel, and for a transfer of this case to the Third Division in St. Paul. The government opposes this motion for the reason that more expeditious trial may be had in the Fourth Division, Minneapolis, because the jury term starts there in September, whereas the term in the Third Division, St. Paul, starts in November. The government stated its favorable disposition to a consolidation of the two cases for trial in the Fourth Division, Minneapolis, at the September term. I think the government's position is well taken. Trial should be speedy. The venue is proper. Fed.R.Crim.P., Rule 18. If the defendants desire a joint trial, they may move for it to be held in Minneapolis. This, and all other motions, are denied.