UNITED STATES of America,
Plaintiff,

v.

James TAYLOR, John Evans and Richard Rodriquez, Defendants.

Crim. No. 46069.

United States District Court
E. D. New York.

April 25, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for plaintiff, by Joan T. Harnes, Asst. U. S. Atty., Long Island City, N. Y.

Albert J. Krieger, West Islip, N. Y., for defendants.

ZAVATT, District Judge.

In a four-count indictment the defendant Taylor is charged with the sale of a narcotic drug (heroin hydrochloride, a derivative of opium) in violation of 26 U.S.C. §§ 4704(a), 4705(a) and 21 U.S.C.A. § 174. In the Fourth Count he is charged with having conspired with the defendants Evans and Rodriquez to sell that drug, knowing it to have been imported contrary to law. The defendants Evans and Rodriquez are charged only with the conspiracy count.

All three defendants now move under Rule 16, Federal Rules of Criminal Procedure, 18 U.S.C., for an order (1) permitting their attorney "to inspect and copy any statements taken from any or all of the said defendants, and or permit said attorney to obtain photostatic copies of any such statements, or in the alternative to furnish the said attorney with photostatic copies of any and all such statements made by said defendants at their own expense"; (2) directing the Government to furnish certain particulars and (3) requiring the Government to permit them to inspect and analyze the alleged narcotic drug.

The defendants seek particulars as to seven items with reference to Count One (all of which have been consented to by the Government); seven items with reference to Count Two (all of which have been consented to by the Government); seven items as to Count Three (all of which have been consented to by the Government); twenty-two items with reference to Count Four, the conspiracy count, (all but items 6, 18 and 20 thereof having been consented to by the Government). By item 6 the Government is asked to state the substance of the conversations that the defendant Taylor is alleged (by Overt Act 2 of Count Four of the indictment) to have had with a person on or about June 9, 1959. By item 18 the Government is asked to state the substance of a conversation between the defendants Taylor and Rodriquez, which (by Overt Act 6 of the indictment) is alleged to have occurred during the month of June 1959 in the vicinity of 14th Street, New York, N. Y. By item 20 the Government is asked to state the substance of the conversation that the three defendants are alleged (by Overt Act 7 of the indictment) to have had and the names of all persons who are claimed to have participated therein.

■ Although the defendants do not specify the Rule under which they move for a Bill of Particulars, it is obvious that such a motion is made under Rule 7(f), Federal Rules of Criminal Procedure, which provides that such a motion "may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order." The Criminal Rules for the Southern and Eastern Districts of New York are silent as to such a motion. Furthermore, there has been no order made in this case permitting this motion for a Bill of Particulars to be made more than ten days after arraignment. The moving papers do not state when any of the defendants were arraigned nor when they pleaded to the indictment. The record reveals, however, that all of the defendants were arraigned before a United States Commissioner on July 8, 1959 and pleaded "Not Guilty" to the indictment on December 14, 1959. The notice of motion for a Bill of Particulars is dated February 5, 1960 and its original return date was February 23, 1960. This motion for a Bill of Particulars, therefore, is not timely made.

■ Even had this motion been timely made, it would be denied as to said items 6, 18 and 20. The requested items, as to which the motion for a Bill of Particulars is granted with the consent of the Gov-

ernment, and the indictment apprise the defendant Taylor as to the exact date, time and place when and where it is claimed that he committed the crimes alleged in Counts One, Two and Three; the name of the person or persons to whom it is claimed he sold and transferred the alleged narcotic drug; whether such person or persons were in the employ of the Government and whether they were acting for the Government at the time; what was the consideration given, received or exchanged for the drug and whether or not the alleged purchaser or purchasers first transferred the alleged drug to Taylor before it is claimed he sold and transferred it to them. As to the items requested with reference to the conspiracy count, nineteen of the twenty-two requested items have been consented to by the Government and the motion will be granted as to those items because of such consent. The three defendants will thereby have particulars as to the exact dates, times and places of the alleged overt acts; the names of the persons not specified in Count Four of the indictment; their employment and for whom they were acting at the time and whether the alleged possession of the drug is claimed to have been actual or constructive. Nevertheless the defendants demand the substance of the alleged conversations hereinabove referred to. The defendants seek to have the door opened so as to discover what is the Government's evidence and the details of the Government's case. Such evidence they are not entitled to except upon a showing that the ends of justice cannot otherwise be served. There has been no such showing. United States v. Brown, D.C.E.D.N.Y.1959, 179 F.Supp. 893; United States v. Lupino, D.C.D.Minn. 1958, 171 F.Supp. 648; United States v. McKenna, D.C.D.Minn.1954, 126 F.Supp. 831, affirmed 8 Cir., 1956, 232 F.2d 431; United States v. Carb, D.C.E.D.N.Y.1954, 17 F.R.D. 242; United States v. Smith, D.C.W.D.Mo.1954, 16 F.R.D. 372; United States v. Cohen, D.C.S.D.N.Y.1953, 113 F.Supp. 955.

By Item III of the notice of motion the defendants seek an order permitting them to inspect and analyze the alleged narcotic drug. The motion will be granted to that extent upon the condition that the inspection and analysis be made at the office of the Government Chemist and under Government supervision at a time to be agreed upon, it appearing from the record that the alleged drug is in the possession of the Government. There appear to be no reported cases on this point. There are, however, four unreported cases in the Southern District of New York, to wit, United States v. Tirado, D.C., 25 F.R.D. 270, decided by Judge Dimock July 22, 1958, in which he granted a motion for such inspection and analysis; United States v. Fanfan, Cr. No. C156–192, decided by Judge Murphy August 23, 1958, in which he granted a motion for such inspection and analysis; United States v. Vasquez, D.C., 25 F.R.D. 350, in which Judge Weinfeld denied a request for such an order and United States v. Fuentes, D.C., 25 F.R.D. 278, in which Judge Noonan denied a request for such an order because it was not shown that the drug was obtained from or belonged to the defendant or was obtained from others by search or by process. All of the counts of the indictment would fall if the alleged drug is not a narcotic drug within the provisions of the U. S. Code under which the defendants were indicted. The requested inspection and analysis are reasonably necessary in order that the defendants may adequately prepare for trial. That the alleged drug is such a narcotic drug is the very gravamen of the indictment. The defendants should not be limited to cross-examination of the Government's expert at the trial as to such a vital, determinative fact. Nor should the trial be delayed by an adjournment, after the Government's expert has testified on direct, in order to afford the defendants at that late date an opportunity to have the alleged drug analyzed before they proceed with their cross-examination. In the four cases cited in the

Southern District, all of the motions were made under Rule 16, Federal Rules of Criminal Procedure. In Tirado, Judge Dimock held that "no matter what form the transaction takes, when possession of contraband passes from unlawful custody to the lawful custody of the Government the transaction is a seizure within the intent of Rule 16." I am in accord with the view that such an inspection and analysis is within the ambit of Rule 16 when construed "to secure simplicity of procedure, fairness in administration and the elimination of unjustifiable expense and delay" as required by Rule 2, Federal Rules of Criminal Procedure.

Even were it to be held that such relief is beyond the purview of Rule 16, I would grant the motion in the exercise of the court's inherent power. Prior to the promulgation of the Rules, federal criminal procedure grew out of the inherent power of the courts to develop their own procedure. Sometimes this residual power was exercised by the enactment of local rules of court and sometimes by the process of adjudication. I doubt that the Rules, although a comprehensive regulation of federal criminal procedure, entirely supplant the residual power of the court. I doubt the advisability of reading an imaginative implication into Rule 16 that would deprive the court of its inherent power, shut off the development of discovery by adjudication and thus freeze its limits along the lines determined by cases which had been decided when the Rules were formulated. In my view, to the extent that Rule 16 does not express a policy prohibiting discovery not explicitly authorized by the Rules, the court is free, either by local rule or by adjudication, to permit discovery on the basis of its inherent power. The question as to when the court should permit this discovery is essentially one of policy, not of power. See Note 67 Harv.L.Rev. 492; 6 Wigmore, Evidence 395 (3d ed.).

■ Insofar as the defendants seek discovery and inspection of any statements taken from them, the motion will be denied. This motion is supported only by the affidavit of an associate of the attorney for the defendants. He does not establish to the satisfaction of the court that the defendants gave statements, either signed or unsigned. He states merely upon information and belief "that all of the defendants herein were questioned by agents of the Government subsequent to their arrest and prior to their arraignment"; "that during the course of said questioning, statements may have been taken from some or all of the defendants which statements, if taken, would be in the possession or control of the United States Attorney"; "that in the event statements had been made by any of the defendants, said statements are actually in the nature of property belonging to them and should therefore be made available to said defendants." It is to be noted that none of the defendants supported his motion by his own affidavit to the effect that he gave a statement subsequent to his arrest and prior to his arraignment before the United States Commissioner or at any time thereafter. And even assuming that any such statement was given, there is no showing of good cause why the defendants should have the right to inspect and copy any such statement beyond one small paragraph in the moving affidavit of the attorney for the defendants who states that the desired material is "proper and necessary to the preparation of a complete and adequate defense to the charges contained in the indictment."

The opposing affidavit of Joan T. Harnes, an Assistant United States Attorney, alleges that the Government "has no signed statements taken from any or all of the defendants." One might infer from this language that the Government may have one or more unsigned statements taken from one or more of the defendants. Such an inference might be drawn in view of the additional language in said affidavit that "the Government opposes the demands of the defendants through their attorney to examine, inspect and copy any statements taken

from all or any of the said defendants * * *." Upon the argument of the motion, however, the Assistant United States Attorney stated that the Government had no statements taken from any of the defendants. This remark was couched in language broad enough to cover both signed and unsigned statements.

After this motion was argued, the court called upon the United States Attorney to produce for the court's examination the Government's file in this case. Having examined the file, the court finds that it contains two reports made by two narcotics agents, dated July 13 and July 15, 1959, respectively, which appear to have been prepared several days after the defendants were arrested and were arraigned before a United States Commissioner. These reports are not statements. The Government's file examined by the court contains no statement, signed or unsigned, which can properly be called a statement of any of the defendants. Although the meaning of the word "statement" in connection with a motion under Rule 16, a motion addressed to the discretion of the court, a subpoena under Rule 17(c) or a motion with reference thereto is not considered in the numerous reported cases involving such motions, I am inclined toward the view that whenever the court has permitted discovery and inspection of a defendant's statement in a criminal case it has done so with reference to a statement substantially similar to statements within the meaning of 18 U.S.C. § 3500. See United States v. Palermo, 2 Cir., 1958, 258 F.2d 397, affirmed 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287; United States v. McKeever, 2 Cir., 1959, 271 F. 2d 669.

The defendants have failed to establish to the satisfaction of the court that any statements of any of the defendants were taken by the Government and are in its possession or subject to its control. For that reason the motion for such discovery and inspection is denied.

Settle an order consistent with this opinion within ten days.