**UNITED STATES of America,**

v.

**David MASTROBUONO and Alan Tabachnikov, Defendants.**

**No. 67 Cr. 446.**

United States District Court
S. D. New York.

July 6, 1967.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York for the United States. By John H. Adams, Asst. U. S. Atty., New York City.

Jay Goldberg, New York City, for defendant Tabachnikov.

MANSFIELD, District Judge.

In May 1967 the Grand Jury handed down an indictment in six counts, five of which charge that on various dates between October 18, 1966, and March 29, 1967, the defendant Mastrobuono unlawfully sold and possessed LSD in violation of Title 21 U.S.C. §§ 321(v) (3), 331(q) (2), 360(a) (b) and 333(a), and one of which (Count 5) charges that on March 29, 1967, the defendant Tabachnikov unlawfully possessed 1,000 capsules of LSD. Tabachnikov now moves for (1) discovery and inspection, pursuant to Rule 16, F.R.Crim.P., of all statements made by him prior to and after his arrest, and of the physical evidence against him;

(2) a bill of particulars pursuant to Rule 7(f), F.R.Crim.P.; (3) a severance pursuant to Rule 14, F.R.Crim.P.; and (4) enlargement of his bail limits.

■ The Government has consented to the defendant's inspection and copying of all statements made by him after his arrest and to allow a qualified chemist to make an analysis of available samples of the LSD involved. Except to the extent so consented to, the motion for discovery and inspection is denied in the absence of a showing of any reasons therefor.

■ The motion for particulars, except as consented to, is likewise denied. The Government has consented to furnish the essential particulars requested with respect to the charges against the moving defendant, i. e., the time when and place where it is alleged that Tabachnikov possessed the LSD referred to in the one count in which he is named. This appears sufficient to enable him to prepare for trial, avoid surprise, and prevent a second prosecution of the same offense, which is the objective of a bill of particulars. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Klein, 124 F.Supp. 476 (S.D.N.Y.1954), affd., 247 F.2d 908 (2d Cir. 1957), cert. denied, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958). The requests for the "respect" in which Tabachnikov is alleged to have possessed the drug, and whether he had it "on his person, owned it and/or controlled it" seek evidentiary details, which is not the function of such a bill. United States v. Lebron, supra; United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962); United States v. Rosenberg, 10 F.R.D. 521 (S.D.N.Y.1950), affd., 195 F.2d 583 (2d Cir.), cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687 (1952).

■ Defendant Tabachnikov's motion for a severance is denied for failure to show that he will be prejudiced by a joint trial of the charges against both defendants. Although Tabachnikov claims that since he is named in only one of the six counts he would be prejudiced

by the jury's having before it evidence against his co-defendant with respect to the other five counts, the Government contends that the offenses charged against both arise out of the same series of transactions and that there are common elements of proof. The Court notes that the offense charged against Tabachnikov involved a substantial amount of LSD, i. e., 1,000 capsules and allegedly occurred on the same date as offenses charged in two other counts of the indictment against his co-defendant. Rule 8(b), F.R.Crim.P., expressly provides that all defendants need not be charged in each count of the indictment, provided the same series of acts or transactions are involved. The general rule is that persons jointly indicted should be tried together where the charges arise out of the same series of acts and the evidence offered against all defendants will be substantially overlapping. United States v. Kahaner, supra; United States v. Lebron, supra. The burden is on the defendant to show prejudice, see United States v. Haim, 218 F.Supp. 922 (S.D.N.Y. 1963); United States v. Van Allen, 28 F. R.D. 329, 338 (S.D.N.Y.1961), and a sufficient showing has not been made here. In the event that further facts appear that demonstrate prejudice, the motion may be renewed at trial. United States v. Berman, 24 F.R.D. 26 (S.D.N.Y.1959); United States v. Bonanno, 177 F.Supp. 106 (S.D.N.Y.1959), reversed on other grounds, 285 F.2d 408 (2d Cir. 1960).

■ Upon oral argument Tabachnikov's application for enlargement of bail limits to permit him to attend the summer term of Antioch College, Yellow Springs, Ohio, from July 7, 1967, to September 18, 1967, as a registered student was granted on condition that he produce satisfactory proof of admission by that college for enrollment in its summer, 1967 term and furnish the address where he will be residing in Yellow Springs during his stay there, subject to his appearance for trial in this Court on 24 hours' notice to his counsel, all of which is to be the subject of an order to be submitted.

So ordered.