**UNITED STATES of America**

v.

**Judd Stewart POLLOCK.**

**Crim. No. 75-269-T.**

United States District Court,
D. Massachusetts.

Oct. 29, 1975.

---

Charles Chase, Asst. U. S. Atty., for U. S.

Harvey A. Silverglate, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

TAURO, District Judge.

The defendant is currently awaiting trial on a one count indictment for knowingly possessing with intent to distribute, and distributing, cocaine. He now seeks an order pursuant to Fed.R. Crim.P. 16(b) requiring the Government to furnish a sample of the substance which was allegedly found in his possession at the time of his arrest in order to have a chemical analysis performed by an expert of his choice.[1] Pollock contemplates that any order would include appropriate provisions to ensure the safe return of the sample, such as a requirement that a Government agent accompany the sample during the testing procedure and recover the unused balance consumed in any test.

The Government has no objection to the defendant's request, provided that the defendant utilizes a chemist who is registered with the Drug Enforcement Administration. 21 C.F.R. § 1301.21.

The Government's position is that unregistered chemists are absolutely prohibited by federal regulation from conducting tests using controlled substances. Any test of an unknown substance to determine whether it contains cocaine must include procedures in which a quantity of known cocaine is used as a standard for chemical analysis. It is the use by an unregistered chemist of a known controlled substance as a standard that the Government maintains is barred by federal law.

The regulations relied upon by the Government are, at best, ambiguous. The basic provision is 21 C.F.R. § 1301.21 which provides:

> Every person who manufactures, distributes, or dispenses any controlled substance or who proposes to engage in the manufacture, distribution, or dispensing of any controlled substances shall obtain annually a registration unless exempted by law [or regulation]. Only persons actually engaged in such activities are required to obtain a registration; related or affiliated persons who are not engaged in such activities are not required to be registered . . . .

Nowhere does the regulation mandate that persons conducting otherwise lawful *experiments* with controlled substances be registered. Indeed, the terms "manufacture," "distribute" and "dispense" as defined in the enabling legislation do not include experimentation, let alone experimentation of the limited scope contemplated here. 21 U.S.C. § 802.

■ The Government cites 21 C.F.R. § 1302.22(a) to support its contention that the defense chemist must be regis-

---

[1] Pollock has also requested a protective order preventing Government access to any report an independent chemist may prepare unless the defense plans to introduce into evidence either the report or the oral testimony of the independent chemist. The court expressly reserves decision on this request. The parties, however, will be required to attend a pretrial conference approximately seventy-two hours prior to trial at which time this matter will be taken up.

tered with the D.E.A. That section lists "[c]onducting chemical analysis with controlled substances . . ." as one of several "groups of activities" which are to be treated separately for purposes of registration. 21 C.F.R. § 1302.22(a)(8). That is, the section provides that one engaged in different types of manufacture, distribution or dispensing of controlled substances, under certain circumstances, must file a separate registration for each activity in which the individual participates. Yet nothing in § 1302.22 purports to expand upon the basic language of § 1302.21. Moreover, the clear intent of the regulatory scheme is to require registration for those who are involved with controlled substances on a continuing basis, rather than, as in this case, a person who is to conduct a court authorized experiment on a single, isolated occasion. *See* 21 C.F.R. § 1301.-26(d). A contrary view of the regulations would as a practical matter provide the Government with an effective vehicle for vetoing the choice of an independent expert by a defendant in a criminal case.

Apart from the regulations, discovery of this nature is contemplated by Rule 16. Courts have in the past allowed both inspection and independent analysis of suspected narcotics upon a showing that the proposed discovery was reasonable and might be material to the defendant's case. *United States v. Reid,* 43 F.R.D. 520 (N.D.Ill.1967); *United States v. Lopez,* 26 F.R.D. 174 (S.D.N.Y.1960); *United States v. Tirado,* 25 F.R.D. 270 (S.D.N.Y.1958). And, in at least one case, the Government consented to the defendant's request that a qualified chemist make an analysis of narcotics samples, without requesting that the chemist be registered. *United States v. Mastrobuono,* 271 F.Supp. 197 (S.D.N.Y. 1967).[2]

In this case, counsel has represented that there may be a serious question as to the nature of the substance seized at the time of the arrest. The use of an independent chemist at this stage may well aid in the resolution of that question to the satisfaction of both parties and either narrow the issues at trial, or convince the Government that it will be unable to prove one of the essential elements of the charge contained in the indictment.

Significantly, the Government has not claimed that the allowance of the defendant's request would be either administratively onerous or potentially prejudicial to its case. Nor does it appear that there would be any basis for such a claim if it were made.

Accordingly, it is ORDERED that the Government supply defense counsel with a sample of the substance seized from the defendant at the time of his arrest sufficient to allow a qualified independent chemist to perform chemical analysis. The Government at its option may have an agent accompany the sample while it is in the possession of defense counsel or the chemist. Any residue after the tests have been completed shall be recovered by the Government.

---

**2.** The court did not indicate whether a specific chemist had been proposed and, if so, whether he was registered with D.E.A.