**UNITED STATES of America, Plaintiff,**

v.

**Jeff D. NOEL and Diane Banks a/k/a Deloris Dodson, Defendants.**

**No. 88–20249–TU.**

United States District Court,
W.D. Tennessee, W.D.

March 10, 1989.

Tony R. Arvin, Asst. U.S. Atty., Memphis, Tenn., for the U.S.

Jacob McGavock Dickinson, IV, Sam B. Bradley, Memphis, Tenn., for Noel.

John Michael Bailey, Memphis, Tenn., for Banks.

### ORDER ON MOTIONS FOR DISCOVERY, PRODUCTION AND INDEPENDENT ANALYSIS

TURNER, District Judge.

Presently before the court are the motions of the defendants, filed February 1, 1989 and February 17, 1989, respectively, for discovery, production and independent analysis, pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Defendants are charged with unlawful possession with intent to distribute cocaine, a controlled substance, in violation of 21 U.S. C. § 841(a).

The government responded to defendant Noel's motion, stating defendant will be provided a copy of the government's report analyzing the alleged controlled substance. The government, however, asserts defendant Noel is not entitled to a sample of the alleged controlled substance for independent testing.

Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure pertinently provides:

> Upon request of the defendant the government shall permit the defendant to inspect ... tangible objects ... which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at

# 178

the trial, or were obtained from or belong to the defendant.

In *United States v. Taylor,* 25 F.R.D. 225 (E.D.N.Y.1960), the defendant was charged with, *inter alia,* sale of heroin, a controlled substance. Defendant requested a sample of the alleged narcotic for independent inspection and testing. The district court, noting that the gravamen of the indictment against defendant rested upon the alleged drug being a narcotic within the provisions of the U.S.Code, held that defendant was entitled to have an independent test performed on the alleged narcotic. *Id.* at 227. Further, the district court admonished that defendant should not be limited to cross-examination of the government's expert on such a pivotal, determinative fact. *Id. See United States v. Tirado,* 25 F.R.D. 270, 271–72 (S.D.N.Y. 1958).

Similarly, in *United States v. Pollock,* 402 F.Supp. 1310, 1312 (D.Mass.1975), the district court held defendant is entitled to inspection and independent analysis of suspected narcotics upon a showing of the materiality and reasonableness of the request. A request by defendant for inspection of an alleged controlled substance is deemed material when the government intends to rely upon introduction of the substance at trial against defendant to support the allegations of the indictment. *United States v. Reid,* 43 F.R.D. 520, 522 (N.D.Ill. 1967). Additionally, Rule 16(a)(1)(C) indicates that disclosure and inspection of "tangible objects which are 'material' to the preparation of the defense may be required under the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), without an additional showing that the request is 'reasonable.'" *Fed.R. Crim.P.* 16(a)(1)(C), advisory committee's note. This court believes defendants are entitled to a sample for independent testing of the alleged controlled substance which is to be used against them at trial.

IT IS THEREFORE ORDERED that in addition to providing defendants a copy of the government's report analyzing the alleged controlled substance, the government shall provide defense counsel an opportunity to test and analyze the alleged controlled substance by a qualified independent expert selected by defendants. If the tests cannot reasonably be made in the offices of the United States, the government shall provide a minimum sufficient sample to defense counsel and defendants' expert for analysis. The government may have an agent accompany the sample while in the possession of defense counsel or the expert. Any residue remaining after completion of the test shall be returned to and recovered by the government.

The court notes that this case is set for trial on March 27, 1989, and suggests that all due speed be employed to complete the testing permitted by this order as it is the intention of the court to dispose of this matter at its current setting.