**UNITED STATES of America,
Plaintiff,**

v.

**David McKAY and Brian
McKay, Defendants.**

**No. 99 CR 0308(ADS).**

United States District Court,
E.D. New York.

Oct. 9, 1999.

Loretta E. Lynch, United States Attorney, Garden City, New York (James Miskiewicz, Assistant United States Attorney, of counsel), for plaintiff United States.

Peter H. Mayer, Hauppauge, NY, for defendant David McKay.

John LoTurco, Huntington, NY, for defendant Brian McKay.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This criminal matter involves, *inter alia*, charges of embezzlement of government funds, extortion, money laundering, and income tax evasion against Defendant David McKay ("McKay"). Presently before the Court are David McKay's motions for a Bill of Particulars, for severance of certain counts of the indictment, for severance from charges against co-Defendant Brian McKay, for early release of witness statements, for various discovery, and for dismissal of certain counts of the indictment as untimely. The Government opposes all of the motions.

## I. BACKGROUND

On April 1, 1999, McKay, along with his nephew Brian McKay, was indicted on twelve counts. Counts One and Two charge McKay, Chairman of the Huntington Housing Authority, with conspiring to steal funds from the United States Department of Housing and Urban Development ("HUD"). The counts allege that McKay, who was the owner of a piece of residential real estate in Huntington, falsely claimed to HUD that the property was owned by Brian McKay and proceeded to fraudulently collect Section 8 housing assistance payments for renting the property. Count Three alleges false statements only against McKay's nephew. Counts Four, Five, and Six charge that, during various time periods in 1993 and 1994, McKay extorted money by threat of force or economic harm from construction companies he worked with as a safety coordinator on behalf of General Building Laborers Local Union No. 66 ("Local 66"). Counts Seven through Twelve charge McKay with money laundering and income tax evasion involving the funds received from the HUD fraud and extortionate activities.

McKay was arraigned on April 6, 1999. Shortly after arraignment, McKay's origi-

nal counsel withdrew, and McKay's present counsel entered his appearance on June 16, 1999.

McKay has filed several motions that are presently before the Court. McKay moves for a Bill of Particulars pursuant to Fed.R.Crim.Pro. 7(f), directing the government to supplement the indictment with precise details of the allegations. McKay also moves under Fed.R.Crim.Pro. 8(a) and 14 for severance of the extortion charges from the remaining charges on the grounds that the extortion charges do not arise from a common scheme or plan and are not of the same or similar character. Pointing to a statement made by the nephew which also implicates him, McKay further moves for severance of his trial from his co-Defendant under the rule in *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Next, McKay, explaining that this is a "document intense" case, seeks an order from the Court directing the government to turn over witness statements and other material covered by the Jencks Act, 18 U.S.C. § 3500 prior to trial, and seeks responses to discovery requests made of the Government. Finally, McKay moves for dismissal of the extortion counts on the grounds of untimeliness under 18 U.S.C. § 3282.

The Government opposes each of McKay's motions. It contends that the indictment is sufficiently specific to allow McKay to prepare for trial. It also argues that severance of the extortion charges from the fraud accusations is inappropriate, since both charges are part of a common scheme to launder money and evade income taxes. The Government concedes that the nephew's statement implicating McKay, if offered, would run afoul of *Bruton*, but claims that it does not intend to offer the statement in a manner that would implicate McKay. The Government contends that it has turned over all discoverable material in its possession, and opposes premature release of Jencks Act statements. Finally, the government contends that the statute of limitations on the extortion charges began to run when the construction projects were complete and the contractors were no longer subject to McKay's threats. Since these projects were completed sometime after April 1, 1994, the government contends that the extortion charges are timely.

## II. DISCUSSION

### A. The motion for a Bill of Particulars

Fed.R.Crim.Pro. 7(f) requires that a motion for a Bill of Particulars be filed within 10 days of the arraignment. Here, McKay was arraigned on April 6, 1999, and did not file this motion until July 23, 1999. While McKay did substitute counsel early on in the proceedings, he was represented by counsel during the 10–day period following his arraignment, and his present counsel was retained a full six weeks before making the instant motion. Since McKay has offered no factual circumstances to indicate good cause for extending the 10–day limit of Rule 7(f), McKay's motion is denied as untimely. *U.S. v. Pyke*, 271 F.Supp. 359 (S.D.N.Y.1967); *U.S. v. Taylor*, 25 F.R.D. 225 (E.D.N.Y. 1960).

Regardless of the timeliness of the motion, on the merits, the Court finds that the indictment is sufficiently specific as to the essential elements and facts so that no Bill of Particulars is warranted. An indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and enables him to pursue the matter and not run afoul of future prosecutions for the same offense. *U.S. v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir.1988), *citing U.S. v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987). An indictment that tracks the statutory language defining the offense will generally satisfy the requirements. *U.S. v. Aliperti*, 867 F.Supp. 142 (E.D.N.Y.1994); *U.S. v. Cohen*, 518 F.2d 727, 732 (2d. Cir.1975). In addressing a motion for a bill of particu-

lars, the Second Circuit has also stated this important rule:

> The function of a bill of particulars is to provide defendant with information about the details of the charge against him, if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at trial.... A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.... Acquisition of evidentiary detail is not the function of a bill of particulars.... So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion.

*U.S. v. Torres,* 901 F.2d 205, 234 (2d Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990).

■ The indictment returned against McKay meets the requirements of Rule 7(c). Each of the counts tracks the statutory language defining the offense, and provides sufficient details to allow McKay to prepare a defense to each charge. While the additional detail sought by McKay would certainly be helpful in preparing a defense, the Government has no duty to disclose the precise manner in which the crimes alleged were committed. *U.S. v. Medina,* 854 F.Supp. 148 (E.D.N.Y. 1994). Therefore, McKay's motion for a Bill of Particulars would be denied, even if it were timely.

### B. As to severance of the extortion charges

■ Fed.Crim.Pro. 8(a) allows two or more offenses to be charged in the same indictment if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting a common plan or scheme." Counts charged in the same indictment may be severed, under Fed.R.Crim.P. 14, if joinder presents a risk of prejudice. Given the balance struck by Rule 8, which "authorizes some prejudice" against the defendant, one who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in "substantial prejudice." *U.S. v. Amato,* 15 F.3d 230, 237 (2d Cir.1994), *U.S. v. Turoff,* 853 F.2d 1037, 1043 (2d Cir.1988). Joinder is proper where the same evidence may be used to prove each count. *United States v. Blakney,* 941 F.2d 114, 116 (2d Cir. 1991).

■ Because the money laundering and tax evasion charges encompass the proceeds of both the alleged extortionate activities and the HUD fraud, severing the extortion charges would also require severing that portion of the money laundering and tax evasion charges that rely solely on the proceeds of the extortionate activities. Much of the same evidence would be used in trying both the money laundering and evasion charges relating to the proceeds from the extortion and the laundering and evasion charges relating to the proceeds from the HUD fraud charges, and thus, judicial efficiencies will be achieved by trying both charges together.

McKay alleges that he is prejudiced by joinder of the extortion and HUD fraud counts in three ways: that a jury that hears he used threats in his union job might be more predisposed to assume that he also conspired to fraudulently obtain the HUD funds; that the defense would be forced to prepare to try two distinct sets of offenses in the same trial; and that the jury might cumulate the evidence against him.

None of these grounds is persuasive. As to the argument that the jury might draw improper inferences from the knowledge that McKay was charged with extortion, such a contention was rejected in *U.S. v. Weber,* 437 F.2d 327 (3d Cir.1970). There, the court found that accusations of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, which McKay is charged

with here, were not "crimes apt to arouse irrational hostility" in the jury. *Id.* at 332. As to the claim that joinder unfairly requires McKay to prepare to try two distinct types of charges simultaneously, it is notable that the Second Circuit has also observed to the contrary, that "multiple trials are unfair to both the government and the accused ... The defendant is put to the expense and embarrassment of two or more trials." *U.S. v. McGrath,* 558 F.2d 1102, 1106 (2d Cir.1977). Finally, in the Court's view, the distinct differences in the allegations of the extortion and HUD fraud charges make it unlikely that the jury would improperly consider evidence of one in deciding the other.

This Court therefore finds that McKay has failed to carry the substantial burden of showing significant prejudice resulting from joinder. Thus, McKay's motion to sever the extortion counts is denied.

### C. As to severance of the co-Defendant

■ McKay's moves to sever his trial from that of his nephew under the rule in *Bruton v. U.S.,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), on the ground that the nephew gave a statement to investigators that also implicated McKay, which it does. The Government concedes that the nephew's statement implicates McKay, and admits that if introduced in its entirety in a joint trial, the nephew's statement would violate McKay's rights under *Bruton.* However, the government states that it does not intend to offer the entire statement, but merely that portion which implicates only the nephew.

To do that, the Government would have to be Mandrake the Magician. Having reviewed the investigator's notes of his interview with the nephew, the Court finds that the nephew's confession is too intertwined with McKay's involvement in the HUD fraud scheme to allow a portion of it to be used without violating the rule in *Bruton.* Therefore, since the Government has indicated that it intends to use the statement

in its prosecution of McKay, the trials of McKay and his nephew must be severed.

### D. As to release of Jencks Act materials

■ The Jencks Act, 18 U.S.C. § 3500(b), requires the government to produce statements by government witnesses only after the witness has testified at trial. Nothing in that act provides a basis for the Court to direct the government to turn over statements prior to that time. *U.S. v. Algie,* 667 F.2d 569 (6th Cir.1982); *U.S. v. Percevault,* 490 F.2d 126 (2d Cir.1974). Moreover, the record reflects that the government has produced a substantial amount of discovery for McKay already. McKay's motion for an order directing early production of the prosecution's Jencks Act statements is therefore denied.

### E. As to additional discovery

McKay has requested a an order directing the government to produce various discovery materials. However, the government contends that it has provided all of the information it is required to and McKay has not offered any argument to dispute this. In the absence of any evidence that McKay is entitled to information that has not already been provided to him, his motion for additional discovery is denied.

### F. As to timeliness of the extortion counts

■ McKay argues that the extortion charges are untimely, having occurred more than five years prior to the indictment. 18 U.S.C. § 3282. However, where an indictment alleges that a defendant engaged in an ongoing plan of extortion involving multiple payments from a victim over a period of time, the government may prove the entire extortionate scheme, including acts done outside the period of limitations, so long as it establishes that the scheme continued into the limitations period. *U.S. v. Aliperti,* 867 F.Supp. 142 (E.D.N.Y.1994).

Here, the government contends in its brief that the evidence will show that payments were made by the victims to McKay pursuant to the scheme within the limitations period. On that basis, McKay's motion to dismiss the extortion counts on the grounds of timeliness is denied without prejudice to renewal based on the evidence presented at the trial.

## III. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED,** that McKay's motion for a Bill of Particulars is DENIED; and it is further

**ORDERED,** that McKay's motion to sever Counts Four, Five, and Six from the rest of the indictment is DENIED; and it is further

**ORDERED,** that McKay's motion to sever his trial from that of Defendant Brian McKay is GRANTED; and it is further

**ORDERED,** that McKay's motions for early release of Jencks Act materials and for further discovery are DENIED; and it is further

**ORDERED,** that McKay's motions to dismiss Counts Four, Five, and Six for untimeliness are DENIED.

**SO ORDERED.**