**UNITED STATES of America,**

v.

**John Henry WILLIS, Defendant.**

United States District Court
S. D. New York.

Oct. 4, 1963.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for the United States; Daniel R. Murdock, Asst. U. S. Atty., of counsel.

George S. Fishman, Brooklyn, N. Y., for defendant.

WEINFELD, District Judge.

The defendant, charged with rape, moves for a bill of particulars, for discovery and inspection, for inspection of the Grand Jury minutes, for dismissal of the indictment and for reduction of bail.

In view of the obvious need for thorough and full pretrial preparation to meet so serious a charge, which carries with it a possible death sentence in the event of conviction, it is difficult to understand the rigid opposition by the prosecution to some branches of the defendant's application, especially since our Court of Appeals only recently has suggested a fresh approach to such applications to assure an expeditious and fair trial.[1]

## BILL OF PARTICULARS

The defendant seeks the names of all witnesses who will testify on behalf of the Government at the trial. Since the indictment charges a capital offense, he is entitled to this information "at least three entire days before commencement of trial."[2] The Government indicates that it is prepared to comply literally with the statute's mandate. How-

1. See United States v. Glaze, 313 F.2d 757, 761 (2d Cir.. 1963).

2. 18 U.S.C. § 3432 (1958).

ever, since the alleged rape occurred aboard a vessel on the high seas, and prospective witnesses are officers, crew and passengers scattered far and wide, most of whom are foreign residents, and some of whom are at this port only between ship's voyages, it is clear that a minimum three-day compliance with the statute will not afford the defendant a fair opportunity for adequate trial preparation. Accordingly, the Government is directed to serve a list of trial witnesses and their respective addresses within ten (10) days from the date hereof but, in any event, not less than at least thirty (30) days before the commencement of trial.

■ The Government is also directed to serve a bill of particulars within ten (10) days from the date hereof, setting forth the following:

1. The name or the names of the person or persons, as the case may be, who took the defendant into custody aboard the S.S. Constitution.

2. The name or the names of the person or persons who interrogated him when he was taken into custody or arrested aboard the S.S. Constitution.

3. The approximate time and the place where the alleged rape was committed and the persons present.

4. The names and addresses of all the bedroom stewards and all other male personnel who had occasion to serve the tourist class passengers in any capacity on and throughout the voyage during which the alleged crime was committed.

## DISCOVERY AND INSPECTION

■ The Jencks Act precludes pretrial discovery and inspection of any statement of Government witnesses made to one of its agents and in possession of the Government.[3] Until such persons have testified on direct examination, the Government is not required to produce their statements or reports.[4] This prohibition, however, does not apply to any entries, reports, statements or memoranda which are part of the ship's log or its other records with respect to the alleged offense and referring to, or made by, any person, even though such person may be called as a witness. Any such entries, reports, statements or memoranda were made and kept in the usual and regular course of business in the operation of the vessel, and do not come within the definition of "statement" under the Jencks Act.[5] Accordingly, discovery and inspection is permitted of the statements taken of Ada Creci Servello, the prosecutrix, and Francesco Servello attached to the abstract of the official log book, and of the statements of any other persons contained therein.[6]

■ The defendant has also made a sufficient showing of good cause to entitle him to the issuance of a subpoena for the production and inspection of the following, all in the possession of the Government:

1. Copy of the plans of the S.S. Constitution, or any section thereof, portraying the situs of the alleged crime.

2. Photographs of the prosecutrix, Ada Creci Servello, taken subsequent to the alleged commission of the crime, and of the place where the crime allegedly was committed.

3. Copies of all medical reports made by any physician or nurse aboard the vessel who examined the prosecutrix immediately after the alleged crime.

4. Report of the blood test taken of the defendant. In the event a blood test is taken of the prosecutrix, a copy thereof shall be made available to the defendant.

■ The defendant also seeks a copy of his own statements, signed or unsigned, or any transcripts of any stenographic or recorded statements. Discovery and inspection by a defendant of his own statements under Rule 16 has been a matter of much controversy in this Dis-

---

3. 18 U.S.C. § 3500(a) (1958).

4. Ibid.

5. See 18 U.S.C. § 3500(c) (1958).

6. See United States v. Iozia, 13 F.R.D. 335, 339 (S.D.N.Y.1952).

trict.[7] The matter was seemingly set at rest by our Court of Appeals in United States v. Murray,[8] which held that a defendant's own statements were not discoverable under Rule 16. Absent any doctrinal trend, its authority would be conclusive.[9] However, since the Murray case was decided, a proposed amendment to Rule 16 by the Advisory Committee on Criminal Rules [10] suggests not only a doctrinal trend,[11] but a definite purpose to provide a defendant with his own statements. Moreover, the Supreme Court has on at least two occasions deemed it the "better practice" to allow the defendant to obtain his own statements.[12] Accordingly, and in the circumstances of this case, the motion for discovery and inspection by defendant of his own statements, if any, is granted.

The Assistant United States Attorney, upon the further argument of this matter, with commendable understanding, acknowledging that adequate trial preparation is likely to delay the trial, and in view of the fact that defendant has been confined for some time because of inability to make bail previously set, has consented to a reduction of bail and suggested the sum of $1,500, which amount is hereby fixed.

The motion, insofar as it seeks the appointment of an attorney to become associated with the present attorney for the defendant is granted. Thomas J.

Todarelli, Esq., of 233 Broadway, New York, has consented to accept the designation of the Court.

The Court, after reading the Grand Jury minutes as requested by the defendant, denies the motion to inspect the Grand Jury minutes and to dismiss the indictment.[13]

---

7. Compare United States v. Peace, 16 F.R.D. 423 (S.D.N.Y.1954) (allowing inspection under Rule 16) with United States v. Peltz, 18 F.R.D. 394 (S.D.N.Y. 1955), appeal dismissed, 246 F.2d 537 (2d Cir., 1957) (denying inspection under both Rules 16 and 17(c)). A collection of the various cases, both from within this Circuit and elsewhere, is set forth in United States v. Fancher, 195 F.Supp. 448 (D. Conn.1961).

8. 297 F.2d 812, 820 (2d Cir.), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962).

9. See United States v. Kahaner, 203 F. Supp. 78, 85 (S.D.N.Y.1962).

10. Advisory Committee on Criminal Rules, Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure for the United States District Courts (Dec. 1962).

11. For the significance of the doctrinal trend, see United States v. Ullmann, 221 F.2d 760, 762 (2d Cir., 1955), aff'd, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956).

12. See Cicenia v. LaGay, 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958) and Leland v. Oregon, 343 U.S. 790, 801, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952).

13. See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Costello, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).