**UNITED STATES of America**

v.

**Eugene KENNER, Defendant.**

United States District Court
S. D. New York.

Feb. 5, 1965.

**392**

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for the United States; Hugh C. Humphreys, Asst. U. S. Atty., of counsel.

Havens, Wandless, Stitt & Tighe, New York City, for defendant; James A. Cuddihy, John A. Keeffe, New York City, of counsel.

WEINFELD, District Judge.

The defendant, indicted for bribing Internal Revenue Service officers and for conspiring to do so, moves:

(1) for dismissal of the twenty-nine count indictment;

(2) for the return and suppression as evidence of papers taken from his person at the time of his arrest;

(3) for production and inspection of certain enumerated documents; and

(4) for a bill of particulars.

## 1. MOTION TO DISMISS THE INDICTMENT.

The defendant challenges the validity of the indictment upon multiple grounds, none of which, either singly or collectively, warrants dismissal of the indictment.

 First, he attacks the manner of selection of the grand jurors, alleging they were drawn only from four of the eleven counties which comprise this District, and then only from among registered voters, thereby excluding other citizens eligible to serve as jurors. Absent an intent to discriminate against some classified group of citizens—and no such charge is seriously alleged here—such a method of summoning jurors does not taint an indictment. In Lewis v. United States [1] the Supreme Court upheld the informal practice of confining juror selection to counties near the court house and our Court of Appeals has approved the practice in this District of drawing jurors from New York, Bronx and Westchester Counties.[2] The attack on the use of voter lists as the principal source of grand jurors is likewise without merit and identical arguments have been rejected by persuasive opinions in this District [3] and in the Court of Appeals.[4] The time is long past when criminal prosecutions in this District can be delayed

1. 279 U.S. 63, 72–73, 49 S.Ct. 257, 73 L.Ed. 615 (1929).

2. United States v. Gottfried, 165 F.2d 360 (2d Cir.), cert. denied, 333 U.S. 860, 68 S.Ct. 738, 92 L.Ed. 1139 (1948). Cf. United States v. Titus, 210 F.2d 210 (2d Cir. 1954), (practice in the Northern District of New York). See also, Katz v. United States, 321 F.2d 7 (1st Cir. 1963).

3. United States v. Van Allen, 208 F.Supp. 331 (S.D.N.Y.1962); United States v. Greenberg, 200 F.Supp. 382 (S.D.N.Y. 1961). In Van Allen Judge Cashin took testimony over a four-day period, thus obviating the necessity for hearings in the present case, since the allegations here are no different from those made in that matter.

4. United States v. Agueci, 310 F.2d 817 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1016, 10 L.Ed.2d 12 (1963).

pending extensive sociological inquiry into the basis of jury selection.

■ The second ground urged for dismissal rests upon vague, conclusory and unsupported allegations that the grand jury which returned the indictment had been improperly influenced. Here the defendant relies upon a general charge of an alleged interplay between the Government and a self-constituted private group, the Federal Grand Jury Association for the Southern District of New York, the end result of which is improperly to influence all grand juries, to create a bias favorable toward indictment and to foreclose objective consideration by grand jurors of all matters within their domain. Not a single evidential fact is submitted to support this general allegation and there is not the slightest basis to warrant a hearing.[5] If upon such whimsical and unsupported charges hearings are to be conducted, a serious roadblock is created to expeditious and prompt trials.

■■ Third, the defendant seeks to void the indictment because he was not given notice that the Government intended to seek his indictment so that he could appear and conduct a voir dire examination of prospective jurors and challenge the entire panel or individual jurors. However, Rule 6(b) (1) of the Federal Rules of Criminal Procedure affords such an opportunity only to "a defendant who has been held to answer in the district court." This defendant was not previously held nor bound over to await action by a grand jury, and no rule or any constitutional mandate requires that a potential defendant with respect to whom evidence is to be presented initially to a grand jury be notified in advance so that he can conduct a voir dire examination of the grand jurors at the time of their selection and empanelling. Again, on this aspect of de-

fendant's motion, not the slightest evidential matter has been submitted to suggest that any member of the grand jury which returned the instant indictment was not qualified to serve. Absent such appropriate allegation, there is no warrant for an inquiry into the vote of the grand jury in order to determine the availability of Rule 6(b) (2) relief to the defendant.

■ Finally, the defendant advances miscellaneous grounds for dismissal, none of which merits extensive discussion. Defendant complains that he was summoned by "midnight" subpoena to appear before one grand jury and then indicted by another which did not invite him to appear. He notes, too, that successive grand juries were used to investigate alleged bribery of Internal Revenue Service employees. Neither circumstance warrants dismissal of the indictment. In addition, he calls the Court's attention to the fact that he was arrested at 7 P.M. rather than at some more convenient time, taken to dinner instead of being arraigned immediately, denied an early opportunity to telephone counsel or his family, and detained overnight, although a state magistrate was available to set bail. Assuming arguendo that the foregoing infringed defendant's rights, this furnishes no basis for voiding the indictment; his sole remedy is exclusion of evidence tainted by illegal detention.[6]

The motion to dismiss the indictment is denied.

2. MOTION FOR THE RETURN OF PROPERTY PURSUANT TO RULE 41(e) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

■ The Government has consented to return various items of personal property consisting of notes, diaries and other per-

---

5. Cf. United States v. Casanova, 213 F. Supp. 654, 657 (S.D.N.Y.1963); Calkins, "Grand Jury Secrecy," 63 Mich.L.Rev. 455, 474–75 (1965).

6. See, e. g., Mapp v. Ohio, 367 U.S. 643, 651–53, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

sonal belongings taken at the time of the defendant's arrest. In addition to the sworn affidavit of the Assistant United States Attorney setting forth that none of the aforesaid property was used, directly or indirectly, before the grand jury, the Court has examined the grand jury minutes and is satisfied that such is the case. Moreover, the Government represents that no use will be made at the trial of any information derived from those documents. Accordingly, there is no basis for the suppression of any evidence with respect to the aforesaid material.

### 3. MOTION UNDER RULE 16.

 The motion for discovery and inspection which, among other matters, includes within its sweep grand jury minutes pertaining not only to this indictment but to others as well is denied in its entirety. A defendant—absent circumstances not here present—is not entitled to pretrial production of tax returns relating to alleged bribes,[7] to grand jury minutes pertaining to this indictment or to others in which he is not named,[8] to his own statements,[9] or those of prospective witnesses [10] and codefendants.[11] And clearly he is not entitled to "All relevant and material documents which the Government intends to introduce at the trial or which were examined during the course of the investigation leading to the indictment."[12]

### 4. MOTION FOR BILL OF PARTICULARS.

For similar reasons the Court denies the motion for a bill of particulars except as consented to by the Government.

Settle order on one day's notice.

7. United States v. Simon, 30 F.R.D. 53 (S.D.N.Y.1962).

8. United States v. Kahaner, 203 F.Supp. 78, 85–87 (S.D.N.Y.1962).

9. United States v. Murray, 297 F.2d 812 (2d Cir. 1962). But cf. United States v. Willis, 33 F.R.D. 510, 512–13 (S.D. N.Y.1963).

10. 18 U.S.C. § 3500(a); United States v. Willis, supra at 512.

11. United States v. Bentvena, 193 F.Supp. 485, 497 (S.D.N.Y.1960); United States v. Peace, 16 F.R.D. 423, 425 (S.D.N.Y. 1954).

12. United States v. Bentvena, supra at 497–99.