Theodore Krieger, New York City, for defendant.

**UNITED STATES of America**

**v.**

**Columbus WILLIAMS, Defendant.**

United States District Court
S. D. New York.

March 9, 1965.

WEINFELD, District Judge.

The defendant in a two-count indictment charging narcotics violations moves under Rule 16 of the Federal Rules of Criminal Procedure for a transcript of a question and answer statement obtained from him prior to indictment under the following circumstances:

While the defendant was imprisoned on a state charge in the New York City penitentiary, a writ ad testificandum issued out of this Court, commanding his appearance on October 14, 1964 as a witness before a grand jury in a "John Doe" proceeding. He was not brought before the grand jury, but was taken instead to the office of an Assistant United States Attorney, who there interrogated him. The defendant's interrogation was reduced to question and

answer form. He was not represented by counsel and upon completion of the interrogation was returned to the custody of the New York City penitentiary officials. Thereafter, on November 20, 1964, the instant indictment was filed by the grand jury. It does not appear that defendant was ever called before the grand jury.

The defendant relies upon the special circumstances of his case—the use by the prosecution of a Federal writ ad testificandum to force his appearance at the prosecutor's office for interrogation rather than before the grand jury[1] at a time when he was without counsel and subject to continued incarceration under the state charge—to avoid the rule of our Court of Appeals enunciated in United States v. Murray[2] that "under ordinary circumstances" a defendant is not entitled to pretrial discovery of his own statements made during questioning by the prosecution.

While this Court[3] has long been of the view that a defendant's pretrial statements should be made available to him before trial, Murray is to the contrary. But that does not end the matter, for Murray recognizes that "there may * * * be a situation where it would be appropriate to allow a defendant to examine his own statement before trial,"[4] and expressly leaves open the question whether Federal courts possess "inherent judicial power to allow discovery, in cases of need."[5] Murray, on its particular facts, was not a compelling case for requiring discovery, since the defendant's statement was volunteered in the presence of his privately retained counsel and also, unlike the instant case, his interrogation was not brought about by compulsive grand jury process.[6] This Court, mindful of the view taken by the Supreme Court that pretrial disclosure of defendants' statements may reflect "the better practice,"[7] holds that Murray does not foreclose it from granting the defendant in this case a transcript of his question and answer statement. The circumstances under which it was obtained warrant that relief. It was elicited from a defendant imprisoned under a state charge, whose appearance was commanded by a grand jury of this Court engaged in a "John Doe" inquiry, but who was questioned instead in the office of an Assistant without benefit of counsel. Pretrial inspection of the statements attributed to the defendant appears warranted if recently court-ap-

---

1. Cf. United States v. Procter & Gamble Co., 356 U.S. 677, 684, 78 S.Ct. 983, 2 L. Ed.2d 1077 (1958).

2. 297 F.2d 812, 819–822 (2d Cir.), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L. Ed.2d 794 (1962).

3. See United States v. Willis, 33 F.R.D. 510 (S.D.N.Y.1963); United States v. Kahaner, 203 F.Supp. 78, 85 (S.D.N.Y. 1962); United States v. Peace, 16 F.R.D. 423 (S.D.N.Y.1954).

4. 297 F.2d at 821.

5. Id. at n. 7. See Shores v. United States, 174 F.2d 838, 845, 11 A.L.R.2d 635 (8th Cir. 1949); United States v. Kahaner, 203 F.Supp. 78, 85 (S.D.N.Y.1962); United States v. Taylor, 25 F.R.D. 225, 228 (E.D.N.Y.1960); People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 32–33, 156 N.E. 84, 52 A.L.R. 200 (1927).

6. Cf. United States v. Abrams, 29 F.R.D. 178, 183 (S.D.N.Y.1961).

7. Cicenia v. Lagay, 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed.2d 1297 (1958); Leland v. Oregon, 343 U.S. 790, 801, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). See also, Application of Tune, 230 F.2d 883, 890–892 (3d Cir. 1956); Fryer v. United States, 93 U.S.App.D.C. 34, 207 F.2d 134, cert. denied, 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389 (1953); United States v. Fancher, 195 F.Supp. 448, 451–458 (D.Conn.1961); State v. Johnson, 28 N.J. 133, 145 A.2d 313 (1958); People v. Quarles, 255 N.Y.S.2d 599 (Sup.Ct. 1965); Traynor, "Ground Lost and Found in Criminal Discovery," 39 N.Y. U.L.Rev. 228, 233–242 (1964); 47 Minn. L.Rev. 693 (1963).

pointed counsel is intelligently to represent the defendant and properly to advise him.

The motion is granted.