**UNITED STATES of America,
Plaintiff,**

v.

**Herbert NOLTE, Defendant.
Crim. No. 40340.**

United States District Court
N. D. California, S. D.

Dec. 27, 1965.

Cecil F. Poole, U. S. Atty., James J. Brosnahan, Asst. U. S. Atty., for plaintiff.

James F. Hewitt, Legal Aid Society of San Francisco, San Francisco, Cal., for defendant.

HARRIS, Chief Judge.

Defendant Nolte and two others are under indictment for attempted evasion, and conspiracy to defeat collection, of the federal wagering tax. Nolte has moved for an order permitting him to inspect and copy certain tape recordings of telephone conversations which, he asserts, are in the possession of the United States Attorney who intends to use them as evidence in the trial of the case. During the course of interrogations which preceded the return of the present indictment against him, Nolte was permitted by agents of the Internal Revenue Service to listen to tape recordings of telephone conversations between himself and others. These conversations related to matters contained in the indictment and were recorded without the knowledge or consent of the defendant. The recordings were obtained by an undercover agent working for the Internal Revenue Service. After Nolte had been indicted and arraigned his attorney requested the United States Attorney's permission to audit the tapes prior to commencement of the trial. The United States Attorney refused. This motion followed.

Two issues are raised by the motion: (1) whether this court has power to compel such discovery, and (2) whether, assuming such power exists, this is a proper case for its exercise. Only the first of these issues is seriously in dispute.

The government takes the position that there is no authority for ordering the production of these tape recordings. In particular, it is argued that Rule 16 of the Federal Rules of Criminal Procedure do not permit such discovery. Defendant concedes that the recordings are not discoverable under Rule 16. He contends, however, that the court has "inherent power" to compel discovery in criminal cases. This court agrees.

There has been no decisive adjudication of the question of the existence of an inherent power in the federal courts to compel discovery not explicitly authorized by the Rules. Indeed it is fair to say that the possibility that the federal courts do have such power has never been fully explored or discussed. A brief review of what authority there is on the question follows.

The leading case is Shores v. United States, 174 F.2d 838 (8th Cir. 1949). Here defendant wanted to inspect a statement he had previously given to the police. The court reviewed the history of the rule and concluded the statement was not discoverable under Rule 16. Though declining, on the merits, to order production of the statement, the court made the following statement, which has since become the *locus classicus* of the doctrine of inherent power:

"In holding, as we have, that Rule 16 does not create in a defendant the right to demand before trial a copy of his confession, the observation may be added that we are not intending thereby to imply that a federal court does not have the power in any situation to require the Government to furnish the defendant with a copy of his confession before trial. We think that such a power of control over a confession and its use does exist in a judicial proceeding, as part of the inherent nature and dignity of our system of administering criminal law, and that even without any rule or statute, therefore, the court is not powerless to require the Government to furnish the defendant with a copy of his confession, if the Government intends to use it as evidence on the trial and where the court deems it necessary in the interest of justice that the defendant should be furnished with a copy." 174 F.2d at 845.[1]

1. In Note, The Scope of Criminal Discovery Against the Government, 67 Harv. L.Rev. 492 (1954) the writers assert that prior to adoption of the federal rules fed-

The court in United States v. Pete, 111 F.Supp. 292 (D.D.C.1953) cited *Shores* approvingly as authority for the proposition that it had inherent authority to order discovery. It too declined on the merits to exercise the power in the case before it.

The next major consideration of the existence of inherent power came in United States v. Taylor, 25 F.R.D. 225 (E.D.N.Y.1960). In this case defendant wanted to inspect a narcotic drug in possession of the Government. The court held defendant was entitled to such an inspection. In support of its conclusion it first stated that such discovery was provided for by Rule 16. Apparently the court entertained some doubt as to the correctness of this holding, for it went on to state that even if Rule 16 did not authorize such discovery, the court could order it in the exercise of its inherent power. The court reasoned that prior to the adoption of the Federal Rule, the courts had always exercised an inherent power to control the proceedings before them. Chief Judge Joseph Zavatt then stated:

"I doubt that the Rules, although a comprehensive regulation of federal criminal procedure, entirely supplant the residual power of the court. I doubt the advisability of reading an imaginative implication into Rule 16 that would deprive the

eral courts, in the exercise of their inherent power, had allowed a certain amount of pretrial discovery by defendants. Whether Rule 16 supplants this inherent power depends upon whether the Rule is construed as expressing a policy prohibiting discovery not explicitly authorized by the Rules. The Note concludes that Rule 16 does not express such a policy and that inherent power does remain. The Note also terms the approach taken by the court in *Shores* "correct" and argues that adjudication is particularly appropriate in the area of discovery since discovery can have a substantial effect upon the rights of defendants. "It would, therefore, appear unfortunate to read a negative implication into Rule 16 which would freeze its limits along lines determined by the

court of its inherent power, shut off the development of discovery by adjudication and thus freeze its limits along the lines determined by cases which had been decided when the Rules were formulated. In my view, to the extent that Rule 16 does not express a policy prohibiting discovery not explicitly authorized by the Rules, the court is free, either by local rule or by adjudication, to permit discovery on the basis of its inherent power. See Note 67 Harv. L.Rev. 492; 6 Wigmore, Evidence 395 (3d ed.)." 25 F.R.D. at 228.

In United States v. Murray, 297 F.2d 812 (2d Cir. 1962), cert. den. 369 U.S. 838, 82 S.Ct. 845, 7 L.Ed.2d 794, the Second Circuit had before it the question of the discoverability of a statement given the government by a defendant. The court held such a statement was not discoverable but explicitly left open the question whether there was inherent power to compel its production. See 297 F.2d at 821, n. 7. As indicated in the above citation, the Supreme Court denied certiorari in this case.

The most recent expression in favor of the existence of such inherent power occurred in United States v. Williams, 37 F.R.D. 24 (S.D.N.Y.1965). Here the defendant moved under Rule 16 for a transcript of a question and answer session between himself and the United

cases which had been decided when the Rules were formulated. 67 Harv.L.Rev. at 500.

This note also suggests the possibility that courts may have power under Rule 57(b) to compel discovery not explicitly authorized by the Rules. "Rule 57(b) can be read not only as empowering the courts to follow common law precedents not written into the Rules but also as preserving their inherent power to develop the law. Thus, courts which read Rule 16 as not forbidding discovery beyond that rule would be free to employ Rule 57(b)." 67 Harv.L.Rev. at 499. This possibility was also adverted to by the court in United States v. Frank, 23 F.R. D. 145, 147 (D.D.C.1959).

States Attorney. Judge Edward Weinfeld noted that *Murray* clearly precluded the use of Rule 16 for such discovery. Notwithstanding this, he granted defendant's motion, stating that he was exercising his inherent power to allow discovery in cases of compelling need. Thus, *Williams* is a case where the court went beyond dictum and based its discovery order squarely on the exercise of inherent power. Judge Weinfeld was motivated to exercise this power because of what he felt was the extreme lack of fairness in the government's treatment of the defendant. (The government had obtained the release of defendant from state imprisonment for the ostensible purpose of bringing him before the grand jury. Instead, defendant was taken to the United States Attorney's office for interrogation, which interrogation led to the indictment returned against the defendant. It appeared the defendant was never taken before the grand jury.)

One further case deserves brief mention. In United States v. Rothman, 179 F.Supp. 935 (W.D.Pa.1959) the court discussed the numerous cases on either side of the question of whether a defendant's pre-trial statements to the police are discoverable under Rule 16. The court noted that it is now fairly well settled that Rule 16 does not permit discovery of such statements. The court then gave an interesting explanation of those cases which have allowed discovery of such statements.

> "These cases apparently apply (Rule 16) but the decisions could also be justified as an exercise of the inherent power of the court to prevent unfairness and avoid undue delay. (Citing Shores)." 179 F.Supp. at 938.

Use of inherent power to compel discovery is also supported by Circuit Judge Irving Kaufman in Criminal Discovery and Inspection of Defendant's Own Statements In the Federal Courts, 57 Colum.L.Rev. 1113 (1957). He observes that the Supreme Court has impliedly recognized that there might be situations in which the Constitution prescribes pre-trial discovery in criminal cases. He concludes: "If due process considerations are involved there must necessarily be some inherent authority in the federal courts to vindicate the constitutional guarantees by allowing discovery when dictated by compelling circumstances." 57 Colum.L.Rev. at 1121.

The authorities provide ample support for the proposition that this court has an inherent power to compel discovery of the tape recordings in the instant case. The question remains, however, whether this is a proper case for the exercise of this power; that is, whether, under all the circumstances of the case, discovery ought to be allowed in order to prevent unfairness to the defendant. There are at least two respects in which it would be unfair not to allow defendant here to inspect and copy the tape recordings in question.

The first proceeds from the nature of the government's conduct in this case. The government, unknown to defendant and without his consent, intercepted messages which he thought he was transmitting in privacy. The messages were recorded and subsequently played back to defendant in an attempt to induce him to cooperate with the government. Then, when defendant had been indicted and was preparing to defend himself at trial, the government refused him further access to the tapes. It would manifestly be unfair, under these circumstances, to deny defendant access to the tape recordings prior to the commencement of his trial.

The second source of unfairness arises from defendant's need to prepare his defense to the particular charges brought against him. Counsel for defendant asserts that he cannot safely go to trial without first having had an opportunity to listen to and analyze the tape recordings. This contention would seem to be borne out by the record, particularly in view of the allegations of conspiracy

made in the indictment. In a case such as this tape recordings of telephone conversations, purportedly made in furtherance of an unlawful plan, are likely to be central to the government's case against defendant. Pretrial inspection of the recordings may therefore be essential if counsel is to intelligently represent and properly advise the defendant.

Accordingly, the motion should be, and hereby is, granted. The United States Attorney for this district is ordered to produce and permit the defendant to inspect and copy any and all electronic, mechanical or stenographic recordings of conversations between the defendant Nolte and other persons, whether or not co-defendants or co-conspirators in this action, which recordings relate to the subject matter of the indictment returned herein.