THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM SCHEMNITZER and Another, Defendants.

County Court, Rensselaer County, November 12, 1931.

*F. C. Filley, District Attorney,* for the plaintiff.

*John L. Moore,* for the defendant Stanley Chero.

*John F. Murray,* for the defendant William Schemnitzer.

BREARTON, J.   On the motion for a separate trial the defendant, in his affidavit as one of the grounds for the motion, alleges upon information and belief, although he does not state the source of

his information or the grounds of his belief, that the defendant Schemnitzer has made certain statements in reference to the alleged crime involving this defendant and that said statements would be prejudicial to this defendant and in violation of his rights.

Section 391 of the Code of Criminal Procedure, as amended by chapter 461 of the Laws of 1926, provides that " defendants, jointly indicted, may be tried separately or jointly in the discretion of the court." The amendment simply restores the common-law rule which was changed by the Revised Statutes in 1829 (4 R. S. 735, § 20). The suggestion that the defendant Schemnitzer has made statements which might be offered against himself and received in evidence to the prejudice of this defendant, although they would be inadmissible as against the latter, is not sufficient to warrant the granting of this motion.

Nor is the contention that the defendant in a joint indictment would be deprived of his right to thirty peremptory challenges. Section 360 of the Code of Criminal Procedure provides that when several defendants are tried therein they cannot sever their challenges but must join therein. It is further urged in support of the motion that on a joint trial this defendant might, if his codefendant declined to join in certain peremptory challenges, be deprived of his right to thirty peremptory challenges. The matter of peremptory challenges rests entirely with the Legislature and the number does not involve a constitutional right. While it is a substantial and important matter to be considered, it is not conclusive on this motion. (*People* v. *Doran*, 246 N. Y. 409; *People* v. *Snyder*, Id. 491.)

In the latter case Ruth Snyder and Judd Gray were tried jointly and convicted of murder in the first degree. Upon appeal to the Court of Appeals, the defendant Snyder contended that the trial court erred in not granting her preliminary motion for a separate trial. The motion was based upon the similar claim that her codefendant had made certain admissions which amounted to confessions admissible against him but not admissible in evidence as against her. In that case the court held that that may be a circumstance which enters into the court's consideration as to whether a joint trial would be fair, but standing alone is not decisive.

The Court of Appeals further held that the test is, will a separate trial impede or assist the proper administration of justice in a particular case and secure for the accused the right of a fair trial.

It appears that the defendants were indicted jointly for a crime alleged to have been committed in the month of March, 1931. The defendant Schemnitzer was arraigned on April 24, 1931, and

the defendant Chero, while he has been in custody in another State, was not arraigned on this indictment until October 21, 1931. The only apparent reason for not trying the defendant Schemnitzer before this time is that the district attorney desired to try both defendants jointly.

After careful consideration of all the facts, I am satisfied that the rights of both defendants can be protected in a joint trial and that the proper administration of justice in this case would seem to require that this motion for separate trial be denied.

As to the motion for bill of items, I indicated upon the argument the items which the district attorney should furnish the defendant, in addition to the allegations of the indictment.

I have decided to grant the motion of the defendant for permission to examine the pistols, revolvers, bullets, automobile and other materials and things held by the district attorney as evidence in the case, alleged to have been used in the commission of the crime, and that he may have the assistance of a ballistic expert in making such examination.

As to the motion to inspect the minutes of the grand jury, no sufficient reason is shown in the moving papers. To grant the motion would cause unnecessary delay in moving the trial. This motion is denied.

Orders should be entered accordingly.