Ellsworth N. Lawrence, J.
In a previous opinion in this, case (29 Misc 2d 485), I denied a defense motion to inspect the Grand Jury minutes or for dismissal of the indictment.. Reference to that opinion will furnish any necessary background..
I am here confronted with a problem which derives from People ex rel. Lemon v. Supreme Court (245 N. Y. 24).
It will be recalled in that case that Judge Cardozo laid down the rule that notes or memoranda in the possession of the District Attorney were not subject to discovery and inspection by the defense in advance of trial, holding that such would not be evidentiary in any event.
But he pointed out: “The decision of this case does not require us to affirm or deny the existence of an inherent power-in courts of criminal jurisdiction to compel the discovery of documents in furtherance of justice. * * * Whether apart
from statute and beyond it there is a supervisory jurisdiction,, as yet unplumbed and unexhausted, in respect of criminal prosecutions, is something that can best be determined at the call of particular exigencies in the setting of the concrete instance (p. 32).
He adds: “ What concerns us at the moment is the scope of the remedy available in advance. At such a stage of the contest, a remedy so drastic is within the condemnation of the rule that inspection may not he had for the sole purpose of prying into the case of one’s opponent. The documents to be exhibited must be evidence in support of the cause of action or defense of the party seeking the discover y ” (p. 34).
It has since been decided that discovery will extend to an agreement and a letter which were the subject of a charge of extortion (People v. Radeloff, 140 Misc. 690) and to pistols, bullets and automobiles, which would be evidence (People v. Schemnitzer, 142 Misc. 16). It has been extended to previous Grand Jury testimony which would be evidence against a defendant charged with later having committed perjury before a trial jury for denying his previous Grand Jury testimony (People v. Kresel, 142 Misc. 88), where it is worthy of note that a motion to inspect the Grand Jury minutes had been denied.
*493 While the right to discovery of a pistol and fingerprint card was denied in People v. Gatti (167 Misc. 545), the denial was with leave to renew.
In my view the Gatti case lays down the sound rule that the granting or denial of a motion for discovery must be left to the sound judgment of the court in the light of all the circumstances and according to a real sense of the justice of the cause (p. 552).
My research has extended no further, neither party having briefed this issue.
The defendant now moves for discovery of “ the papers which were allegedly forged, the standards of comparison, the papers which were allegedly executed by the defendant, the specimens used by the handwriting experts called by the prosecutor and all other written and printed documents concerning which testimony was given before the Grand Jury ’ ’. He submits that his handwriting experts should have an opportunity to examine such documents in advance of trial.
He asks too much, but some things he should have. He cannot have everything because some exhibits would serve no useful purpose except to enable him to pry into his opponent’s case.
He should be allowed discovery of the examination papers of the seven police officers whose answer sheets he is alleged to have forged. Such examination papers include the identification sheets, the answer sheets and, where involved, the essay sheets. There were exhibits 8, 11, 12 (also referred to as 51), 13, 22, 27 and 30 before the Grand Jury. All of these are items of real evidence.
He should be allowed discovery of the samples of handwriting of such seven police officers. These were Grand Jury exhibits 23, 28, 29, 31, 138, 141,142,145 and 148 through 155. These are also evidentiary for they may be used as standards of comparison to enable an expert to reach an opinion as to whether or not the answer sheets were forged or genuine.
It might be argued with some force that if the forgeries were alleged to have recently occurred the defendant would have no need of samples of his own handwriting. But the accusation is that the forgeries took place in 1957 and 1958.
That question being eliminated, the defendant should be. allowed discovery of the samples of his own handwriting. These include Grand Jury exhibits 93, 107, 108, 109, 123, 124, 125, 126, 130,131,132,195,196, 197, 197-a, 197-b, 198 and 204. They also include 4, 94 through 103 and 127. Such exhibits may also be evidence as standards of comparison to enable an expert to reach an opinion as to whether or not he forged the answer sheets.
*494 It is a matter of common knowledge that handwriting experts frequently photograph exhibits, prepare enlargements thereof and prepare photographic bases of comparison to the end that their testimony may better be understood by a jury. No such exhibits should be the subject of discovery, for to allow such would violate the rule that discovery may not be had for the purpose of prying into the case of one’s opponent. If the defense so elects, his own handwriting experts may do the same.
I have limited discovery and inspection here to the above-numbered exhibits both because it seems that justice requires it and to avoid delay during the trial.
The trial will necessarily be long. The defendant, confronted during trial with a great number of exhibits, could well otherwise ask for adjournment to enable his experts to prepare. Such request would seem reasonable.
In another motion pending before me the defendant is seeking to have his own Grand Jury testimony made available to him in advance of trial.
As such motion seems to require the writing of another opinion, it is enough to say here that this opinion is not intended to determine that motion.
The defendant may have the assistance of handwriting experts during the examination of the exhibits. Such experts may of course photograph them.
Unless counsel suggest a better procedure, the exhibits mentioned will be ordered filed in the office of the County Clerk, subject to examination by the defendant, his counsel and his handwriting experts. The order will provide that a deputy be present at the time of any such examination.
It may be that the District Attorney or his handwriting-experts may desire to further examine such exhibits while they are in the Clerk’s office. If so, such persons should also have the right to examine the exhibits but a deputy should also be present at those times.
I assume that counsel can arrange a schedule of times fox-such examinations so as not to interfere with an examination by the adversary. If such is not possible the court on proper application will arrange such a schedule itself.
No good reason presently appears for axxy other person to see the exhibits at all and unless and until such reason does appear, it will be a standing order of the court that no other persons should have the right to examine them.