367 P.2d 6

STATE of Arizona ex rel. Lloyd C. HELM, County Attorney Cochise County, Petitioner,

v.

SUPERIOR COURT OF COCHISE COUNTY, Honorable Anthony T. Deddens, Judge thereof, Respondent.

No. 7436.

Supreme Court of Arizona. En Banc.

Nov. 29, 1961.

Lloyd C. Helm, County Atty. Cochise County, Bisbee, for petitioner.

Robert J. Snyder, Jr., Sierra Vista, for respondent.

UDALL, Justice.

This is a proceeding for a writ of prohibition commanding Superior Court Judge Anthony T. Deddens to desist from ordering petitioner, County Attorney of Cochise County, to produce for pretrial inspection by defendant a medical report of the results of a blood alcohol test. Defendant, Clarence Edward Wine, had submitted to balloon and blood alcohol tests immediately after being arrested on July 8, 1961 in connection with the death of one Gary Bingham.[1]

An information filed against defendant on August 9, 1961 charged him with manslaughter and driving a motor vehicle while intoxicated. On August 17, 1961 defendant by his counsel moved for a bill of particulars by which he sought to ascertain, *inter alia*, the types and results of any tests made to establish the fact of his intoxication. The motion was denied with respect to the names and results of the tests on August 28, 1961.[2]

The residue of the whole blood sample drawn from defendant's body on July 8, 1961 was stored in a laboratory freezer until disposed of by a chemist on September 10, 1961. Defendant's motion for an order permitting pretrial inspection of the laboratory report was made on October 2, 1961 and granted on October 9, 1961.[3]

Two questions are presented: (1) Did the trial court have discretionary power to provide defendant with an opportunity to inspect the medical report; and (2) if so, was there nevertheless an abuse of discretion in entering the order complained of here?

Pretrial discovery in criminal cases was unknown at common law. Rex v. Holland, 4 Durn. & E. 691, 100 Eng.Rep. 1248 (K. B. 1792). And the extensive legislative reforms in English criminal procedure[4] have not, generally speaking, been adopted in this country. People ex rel. Lemon v. Supreme Court of State of New York, 245 N.Y. 24, 156 N.E. 84, 52 A.L.R. 200 (1927). Instead, the general rule developed by the various state courts is that a request for pretrial inspection of prosecution evidence

---

1. Defendant was arraigned on July 10, 1961, waived preliminary hearing and was bound over to the Superior Court for trial.

2. This order was made by Judge William E. Kimble who resigned effective September 1, 1961.

3. It appears from the record that the contents of the balloon used in the intoximeter test have not been analyzed to date. Neither party to this proceeding, however, has presented any evidence that such contents may yet be analyzed so as to afford defendant the same information sought from inspection of the medical report of the blood alcohol test.

4. See generally VI Wigmore, Evidence, § 1850 (3d ed. 1940) at 394–395; Louisell, Criminal Discovery: Dilemma Real or Apparent? 49 Calif.L.Rev. 56, 64–67 (1961).

is addressed to the sound discretion of the trial court.[5]

In State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. 74, 275 P.2d 887 (1954), a homicide case, defendant moved for production of and an opportunity to inspect (1) documents and papers constituting the "work product" of the prosecutor and (2) "tangible physical objects such as pistols, a lead slug taken from the body of the man whom he was accused of killing; a shirt, car keys, etc." The trial court properly denied the motion as to (1) and granted it as to (2). This court sustained the order "under the inherent powers of the court necessary to the due administration of justice." 78 Ariz. at 77, 275 P.2d at 889. Cf. State ex rel. Andrews v. Superior Court of Maricopa County, 39 Ariz. 242, 250, 5 P.2d 192, 195 (1931).

Two years later in State ex rel. Polley v. Superior Court of Santa Cruz County[6] this court (3–2) again found support for such an order in a trial court's "inherent powers." In Polley, defendant was ac-

cused of murdering another during a shooting in which defendant was also wounded. While convalescing in a hospital he answered certain questions propounded by the county attorney; the questions and answers were recorded by a court reporter.

Defendant's motion for pretrial inspection of the stenographic transcript of the hospital conversation was allowed. In refusing to grant a writ of prohibition to the county attorney this court held that the trial court had jurisdiction to compel production *"if the order in question were found to be essential to the due administration of justice * * *."*[7]

In the interim between Mahoney and Polley this court, pursuant to Section 19–202 of the 1939 Code (A.R.S. § 12–109 (1956)), adopted Rule 195 of the Rules of Criminal Procedure. Rule 195, identical for all practical purposes to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides:

"Upon motion of a defendant at any time after the filing of the indictment

5. The United States Supreme Court, in holding that denial of pretrial discovery in a criminal case does not run counter to the due process clause of the Fourteenth Amendment, has conceded only that "it may be the 'better practice' for the prosecution to comply with a request for inspection * * *." Cicenia v. La-Gay, 357 U.S. 504, 511, 78 S.Ct. 1297, 1301, 2 L.Ed.2d 1523 (1958). See also Leland v. State of Oregon, 343 U.S. 790, 801, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952).

6. 81 Ariz. 127, 302 P.2d 263 (1956).
7. 81 Ariz. at 130, 302 P.2d at 265. (Emphasis original.) In Polley the questions presented and decided was the existence rather than whether there was abuse of the power of the trial court to require pretrial production by the prosecutor. A year later in a dictum in State v. Colvin, 81 Ariz. 388, 392, 307 P.2d 98, 101 (1957) we again mentioned the existence of inherent power in the trial court to order inspection.

or information, the court may order the county attorney to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

It was argued and held in Polley, and it is true in this case, that Rule 195 "does not sanction or authorize the order in question." [8]

Nevertheless, as this court there stated:

"It should be noted that while the inspection is not authorized under said Rule, the Rule itself does not express a policy prohibiting discovery; hence the court is free under its inherent residual power to permit broader discovery." 81 Ariz. at 130, 302 P.2d at 265.

The advisory committee's note to the federal progenitor of Rule 195 indicates simply that Rule 16 provides for a limited right of discovery such as had been developed by the *courts* up to the time of its promulgation in 1946. It was never intended, however, that adoption of Rule 195 should operate to divest a trial court of the power to order discovery of items not within the Rule but necessary, in the opinion of the court, to the proper preparation of a defendant's case.

This view was expressed recently in United States v. Taylor, 25 F.R.D. 225 (E.D.N.Y.1960), a prosecution for unlawful sale and conspiracy to make unlawful sales of narcotics. Defendant's motion for an order permitting inspection and analysis of a drug in the government's possession was granted. The court in Taylor held the order permitting inspection and analysis was "within the ambit of Rule 16" and, in a significant dictum, remarked:

"Even were it to be held that such relief is beyond the purview of Rule 16, I would grant the motion in the exercise of the court's inherent power.

8. 81 Ariz. at 130, 302 P.2d at 265. In holding that the transcript in Polley was not subject to pretrial discovery under Rule 195 this court looked to the decisions of the federal courts which have generally held that a written confession is not the type of document "obtained from or belonging to the defendant" envisaged by Rule 16. " * * * [A] con-

fession is not something of which there has been an appropriation from the defendant of any previous right of possession, nor is it in a legal sense anything 'belonging' to him. It is not the physical object but merely the contents which the defendant has supplied." Shores v. United States, 174 F.2d 838, 844, 11 A.L.R.2d 635 (8th Cir.1949).

Prior to the promulgation of the Rules, federal criminal procedure grew out of the inherent power of the courts to develop their own procedure. Sometimes this residual power was exercised by the enactment of local rules of court and sometimes by the process of adjudication. I doubt that the Rules, although a comprehensive regulation of federal criminal procedure, entirely supplant the residual power of the court. I doubt the advisability of reading an imaginative implication into Rule 16 that would deprive the court of its inherent power, shut off the development of discovery by adjudication and thus freeze its limits along the lines determined by cases which had been decided when the Rules were formulated." 25 F.R.D. at 228.

See Shores v. United States, 174 F.2d 838, 845, 11 A.L.R. 635 (8th Cir. 1949).

With regard to the development of discovery in criminal cases generally, see State v. Haas in which the Maryland Court of Appeals observed that:

"* * * law is a growth and a great many matters, commonplace to us now, were not thought of many years ago. In this country we have not gone so far as they now have in England, where grand juries have been abolished and in their place has come about the pre-trial procedure, already outlined, by a committing magistrate. Nevertheless, the tendency in the courts of this country is to permit discretion in the trial judge." 188 Md. 63, 75, 51 A.2d 647, 653 (1947).

See generally Fletcher, Pretrial Discovery in State Criminal Cases, 12 Stan.L.Rev. 293 (1960).

Most if not all of the advances in the law of criminal discovery have been occasioned at the instance of trial judges who, seeing the need in particular cases for discovery by defendants, have exercised their discretion and have ordered production and inspection. It is the trial judge who is best able to determine on a case by case basis whether inspection in a particular instance is in the interests of justice. And it is the trial judge who can best ascertain whether good cause for inspection has been shown or the defense is merely trying to pry into the prosecution's case or attempting to profit from the State's legal research and investigation.

█ For these reasons we adhere to our decision in Polley that a trial court has a residuum of inherent power, notwithstanding the limitations of Rule 195, to order production and inspection when such is "essential to the due administration of justice." As Dean Wigmore put it: "The question is one of policy, not of power."

VI Wigmore, Evidence, § 1850 (3d ed. 1940) at 395.

On the record presented we cannot say that defense counsel failed to exercise due diligence in seeking the requested information by alternative means. And the medical report now constitutes the only source from which information respecting defendant's intoxication on the night of the alleged crimes may be obtained.[9]

Recently a California district court of appeals was presented with a similar situation in Walker v. Superior Court, 155 Cal.App.2d 134, 317 P.2d 130 (1957). There defendant, indicted for murder of one victim and attempted rape of another, moved unsuccessfully for pretrial inspection of, *inter alia,* a report of the laboratory analysis of scrapings from his shoes which were taken from him at the time of his arrest. The prosecution's theory was that defendant had kicked his victim to death; defendant therefore urged that inspection of the laboratory report was necessary in preparation of his defense in that if the shoe scrapings contained no human tissue his innocence would to that extent tend to be established.

The California court noted that "the report is now the only source of information from which the defense can discover what evidence the shoes afforded" (155 Cal. App.2d at 141, 317 P.2d at 135) and issued a writ of mandamus directing the trial court to order inspection of the report.

Similarly, laboratory analyses of paint scrapings, State ex rel. Sadler v. Lackey, 319 P.2d 610 (Okla.Crim.App.1957), construction materials, Layman v. State, 355 P.2d 444 (Okla.Crim.App.1960) and clothing, personal effects and blood samples, State v. Thompson, 54 Wash.2d 100, 338 P.2d 319 (1959) have been ordered submitted for pretrial inspection when necessary for adequate representation of those accused of crime.[10]

In the instant case defendant will be able to inspect the report if produced by the prosecution at trial. No sound reason for denying him the same opportunity before trial is here presented. This is not an attempt to discover the "work product" of the prosecution. Nor can inspection of the report in question afford defendant an opportunity for fabrication of evidence contradicting the contents of the report. For, if the report indicates that there was "0.15 per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the

9. Supra, note 3.
10. See also People v. Calandrillo, 29 Misc. 2d 491, 215 N.Y.S.2d 361 (Suffolk County Ct. 1961) (handwriting samples); People v. Stokes, 24 Misc.2d 755, 204 N.Y.S.2d 827 (Ct.Gen.Sess., N.Y.Co.1960) (autopsy report).

influence of intoxicating liquor." A.R.S. § 28–692(3) (Supp.1961). And if the report shows anything less, defendant's knowledge thereof is essential to the adequate preparation of his defense.

There was no abuse of discretion in the instant case. Indeed, the trial court's decision to allow inspection is in harmony with the trend in other jurisdictions toward permitting greater pretrial discovery in criminal cases. See Laymen v. State, 355 P.2d 444 (Okla.Crim.App.1960); State v. Thompson, 54 Wash.2d 100, 338 P.2d 319 (1959); State v. Johnson, 28 N.J. 133, 145 A.2d 313 (1958); In re Di Joseph's Petition, 394 Pa. 19, 145 A.2d 187 (1958); Powell v. Superior Court, 48 Cal.2d 704, 312 P.2d 698 (1957).

However so it may appear at times, a criminal trial is not a contest of wits and tactics between the prosecution and defense counsel. "We believe justice dictates that the defendant be entitled to the benefit of any *reasonable* opportunity to prepare his defense and to prove his innocence." State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. at 79, 275 P.2d at 890. (Emphasis original.)

For the reasons indicated the alternative writ heretofore issued is ordered quashed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concurring.