James C. Crane, J.
The defendant, Annette Powell, also known as Mildred Annette Powell, charged with murder in the *625 first degree under Indictment No. 51/1965, moved this court on the 4th day of May, 1965, for an order requiring the District Attorney of Richmond County and the New York City Police Department to furnish to defense counsel certain documents, papers and property for pretrial discovery and inspection.
The District Attorney argues that pretrial discovery and inspection should not be granted without a showing that the District Attorney had evidence in his hands favorable to the accused. (Citing People v. Marshall, 5 A D 2d 352, affd. 6 N Y 2d 823 without opinion). The case supra was decided in the Third Department on March 27, 1958, and in that case the court refers to the following (p. 355): “ There is, of course, a certain unreality in a requirement that a defendant demonstrate both the existence and the materiality of the evidence he seeks opportunity to examine and offer before he will be allowed to do so.” This reference followed by reference to the Federal practice that ‘ ‘ the Government may be required to show any statements in its possession of a Government witness whose testimony is used on the trial so that the statements may be used in cross-examination ”, reflects concern on the part of the court concerning the strict rule in New York quoted supra by the District Attorney. This court believes that such requirement could overshadow the theory at this date of full disclosure to be made pursuant to the provisions of CPLR 3101, the Federal cases and practice and the cases cited by defendant.
It strikes this court that in its exercise of discretion, to deprive the defendant of discovery and inspection might be the cause of a miscarriage of justice or may in any event deprive the defendant of her right to meet the issues which may be presented in this trial. This court agrees with the learned Justice’s reasoning and conclusions reached in People v. Preston (13 Misc 2d 802) and shall exercise its discretion as follows: On the argument of this motion the District Attorney agreed to comply with the defendant’s request in Item No. 1 and therefore the court need not make a direction.
With respect to the property set forth in Item No. 2, this court believes that upon this application the property should not be returned to the defendant but that the attorneys for the defendant be granted the right to inspect all of the same and to take pictures and make records thereof.
Concerning Item No. 3, the court sees no objection to the furnishing for inspection and discovery of any and all records yinr] photographs made by or for the police and District Attorney during and in connection with defendant’s arrest, interrogation, detention and custody prior to arraignment, including but not *626 limited to those police forms UF61, UF6 and DD5, nor should there be any refusal to exhibit for discovery and inspection the records of the police telephone switchboard, the police resumé of homicide, where any of which referred to the alleged crime or to the defendant, and any recordings or records, if any, made in connection therewith. Certainly the results of fingerprint and all other investigations of the car owned by one, Robert Cornette, and of the car next to which the body of the deceased was found and any blood tests and fabric tests should not be denied inspection. (People v. Terzani, 149 Misc. 818; Matter of Hughes v. Kings County Ct., 181 Misc. 668.) (See, also, in connection with the matter requested in Item No. 3, People v. Schemnitzer, 142 Misc. 16; People v. Preston, 13 Misc 2d 802, supra.)
With respect to Item No. 4, the defendant shall be permitted to inspect and make copies of any and all of the correspondence, letters, notes, etc., set forth in said item and in particular all letters seized allegedly pursuant to search warrant, if any, and the note contained in the sides and bottom of a box, if any.
Item No. 5 covered by court’s disposition of Item No. 3.
As to Item No. 6, the court believes that statements of witnesses, if any should be made subject to inspection by the defendant as to the events leading up to and following the alleged crime and she should be permitted to make copies thereof. (See cases cited in defendant’s brief including People v. Rosario, 9 N Y 2d 286. Also, see, People v. Preston, supra.) With respect to the police or District Attorney’s notes, stenographic or otherwise, of all such statements, typed or written, the court is of the belief that such subject matter would not be a proper subject for discovery and inspection and it is accordingly denied.
As to Item No. 7, the court feels that it has indicated sufficiently in disposition of the foregoing Items 1 to 6 that the defendant shall be allowed to photograph the various items of property set forth therein.
Defendant to settle order in accordance herewith on two days ’ notice to the District Attorney.