445 P.2d 441

STATE of Arizona ex rel. Robert K. CORBIN, County Attorney for Maricopa County, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA; Laurens L. Henderson, a Judge thereof; Woody WILLIAMS, Real Party in Interest, Respondents.

No. 9183.

Supreme Court of Arizona.

In Banc.

Sept. 26, 1968.

466

Robert K. Corbin, Maricopa County Atty., by Leslie L. Miller, Deputy County Atty., Phoenix, for petitioner.

Stephen W. Connors and Fred R. Esser, by Fred R. Esser, Phoenix, for real party in interest, Woody Williams.

LOCKWOOD, Justice:

The State of Arizona, at the relation of Robert K. Corbin, County Attorney for Maricopa County (petitioner) sought an original writ of prohibition in this Court directed to the Superior Court of Maricopa County to restrain enforcement of its order requiring the County Attorney to produce certain documents for an *in camera* inspection. An alternative writ issued to restrain enforcement of the order pending a determination of the merits of the petition. The pertinent facts are as follows:

Defendant Woody Williams was informed against on two counts: rape and child molesting. On September 20, 1967 defendant filed a motion, pursuant to Rule

195, Rules of Criminal Procedure, 17 A.R.S. (1956) to produce and to permit

"* * * defendant to inspect and copy the statement or summary of the testimony of Judy Schutt taken by Officer Jay Hardison at the time of his initial interview with her; to produce any statement or notes taken by the County Attorney's office through its deputies, concerning their initial interview with Judy Schutt; to produce any statement or testimony of the defendant or notes thereof made by Officer Jay Hardison * * *."

Thereafter on December 6, 1967, Judge Henderson entered an order which required

"* * * that the County Attorney produce *in camera* for this Court's inspection within seven (7) days all statements, notes, or any other items or material pertaining to this case as an aid to this Court in determining what, if any, material now in the hands of the prosecution should be made available to the defendant for inspection."

The petitioner here contends that (1) the respondent has arbitrarily and capriciously exceeded his jurisdiction by ordering the County Attorney to produce, in effect, his entire file for an *in camera* inspection; (2) that the respondent will exceed his jurisdiction by granting pretrial discovery to which the defendant is not entitled.

The defendant, Woody Williams, asserts that the court has not exceeded its jurisdiction, stating that "in defense of rape, often the only defense is to show that the complaining witness has changed her story". He alleged that a reading of the transcript of the preliminary hearing causes him to believe that the prosecuting witness, Judy Schutt, has made inconsistent statements to the County Attorney, and, therefore, he should be entitled to discover these prior to trial.

A motion for production of evidence, both tangible and documentary, is provided for by Rule 195 of the Rules of Criminal Procedure, 17 A.R.S. (1956). The Rule states:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the county attorney to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

The principal question to be decided is whether Rule 195 and the cases construing the breadth and sweep of the Rule support the order of which petitioner complains.

Prior to the adoption of Rule 195, this Court in State ex rel. Mahoney v. Superior Court, 78 Ariz. 74, 275 P.2d 887 (1954) held that superior courts in this state have the *inherent power* to order production and inspection as an aid to the criminal defendant's preparation for trial. It was noted that the common law as it came from England recognized no right of discovery or inspection prior to trial of criminal cases, yet the decision was grounded on a firm belief that where the due administration of justice would be promoted, the court's powers were broad enough to order production and inspection.

Following the decision in *Mahoney*, Rule 195 was adopted. And, in the case of State ex rel. Polley v. Superior Court, 81 Ariz. 127, 302 P.2d 263 (1956), this Court held that notwithstanding the limitation of Rule 195, the inherent power to order production and inspection broader than Rule 195 still resided in the superior courts. The exercise of that power was again said to be predicated on the requirements for the "due administration of justice". That the power reposed in superior

courts to order production and inspection of documents and items of evidence prior to trial of criminal cases is discretionary has been set forth in State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962), wherein it was held:

> "An order granting or denying defendant's motion for inspection of statements of defendant and other documents is addressed to the sound discretion of the trial court." 91 Ariz. at 106, 370 P.2d at 264 (1962).

Summarily, the rationale for the extension of discovery rights for criminal defendants beyond the scope of Rule 195 was, in part, stated thus:

> "It was never intended, however, that adoption of Rule 195 should operate to divest a trial court of the power to order discovery of items not within the Rule but necessary, in the opinion of the court, to the proper preparation of a defendant's case." State ex rel. Helm v. Superior Court, 90 Ariz. 133, 136, 367 P.2d 6, 8 (1961). Cf. U. S. v. Taylor, 25 F. R.D. 225 (E.D.N.Y.1960).

Moreover this Court recognizes that as a matter of fundamental fairness,

> " * * * justice dictates that the defendant be entitled to the benefit of any *reasonable* opportunity to prepare his defense and to prove his innocence". Mahoney, supra, 78 Ariz. at 79, 275 P.2d at 890 (1954). (Emphasis in original).

■ Fundamental fairness as embodied in the concept of "the due administration of justice" does not, however, expressly or impliedly require full and complete disclosure of the prosecution's case. For example, in *Polley*, supra, this Court held that a motion made pursuant to Rule 195 could not reach what was alleged by the County Attorney to be his "work product".

> "[T]he 'impressions, observations, and opinions' which an attorney has recorded and transferred to his files as a product of his investigation of a case in preparation for trial are truly a 'work product' and, therefore, are granted protection from discovery processes." *Polley*, supra, 81 Ariz. at 132, 302 P.2d at 266 (1956).

This rule was reaffirmed in State ex rel. Helm v. Superior Court, 90 Ariz. 133, 367 P.2d 6 (1961).

The work product exclusion was extended to cover police investigative reports in State ex rel. Corbin v. Superior Court, 99 Ariz. 382, 409 P.2d 547 (1966) wherein it was held that:

> "Reports compiled by law enforcement authorities in the course of their investigations constitute the work product of the state, and, as such, are privileged from pretrial discovery." 99 Ariz. at 384, 409 P.2d at 548 (1966).

■ In each of the cases previously cited where discovery was permitted, the subject matter sought by the movant was tangible objects not within his ability to obtain independently, with any degree of diligence. The rules set forth therein do not, however, permit an unrestricted foray into the state's files and preparations for trial. We hold that the superior court has exceeded its jurisdiction in ordering the *in camera* inspection.

■ As a guide to courts in this state when motions similar to the one made by the defendant here are interposed, we hold the following: (1) The trial judge in his sound discretion must determine the reasonableness of a request for the exercise of his inherent power to grant discovery which request might merely be a disguised attempt at a "fishing expedition" by the defense. (2) A superior court may not order production, before trial, of statements made by the prosecuting witness or others (not including the accused), for a defendant does not have a right to examine these statements prior to the time the witness has testified. See State v. Green, 103 Ariz. 211, 439 P.2d 483 (1968); State v. Wallace, 97 Ariz. 296, 399 P.2d 909 (1965); State v. Saenz, 88 Ariz. 154, 353 P.2d 1026 (1960). The State is required to make available to the defense such statements only for the purpose of impeachment. (3) A superior court may not permit the de-

fense to examine the work product of law enforcement authorities except upon a showing that either (a) the authorities have sought to subvert otherwise valid discovery by alleging the material is privileged under the work product exclusion, or (b) compelling and exceptional circumstances indicate to the court that to deny discovery would materially prejudice the defendant in the preparation of his defense. Such compelling and exceptional circumstances might be shown where the material sought to be examined would bear on defendant's guilt or innocence, and would be crucial to a fair trial for the defendant, yet could not, with any degree of diligence, be obtained from sources other than the prosecution. State ex rel. Helm, supra. (4) The defendant does not have an *unqualified* right to inspect his written statement in the hands of the prosecutor (See, State ex rel. Polley v. Superior Court of Santa Cruz County, 81 Ariz. 127, 302 P.2d 263 (1956)), but the superior court may order production and inspection of any statement made by the accused to the authorities, if the state, on its avowal, is to present the statement at trial as evidence in its case in chief. See United States v. Wallace, 272 F.Supp. 838 (D.C.S.D.N.Y. 1967); United States v. Kaminsky, 275 F. Supp. 365 (D.C.S.D.N.Y.1967).

The alternative writ of prohibition is made permanent and the Superior Court of Maricopa County is directed to proceed not inconsistent with the foregoing opinion.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.