NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSHUA JOEL JACOBSEN, *Petitioner,*

*v.*

THE HONORABLE JUSTIN BERESKY, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

STATE OF ARIZONA ex rel. KENT VOLKMER, Pinal County Attorney,
and KRISTIN K. MAYES, Arizona Attorney General, *Real Parties in
Interest.*

No. 1 CA-SA 24-0066
FILED 07-09-2024

Appeal from the Superior Court in Maricopa County
No. CR2006-156684-001
The Honorable Justin Beresky, Judge

**JURISDICTION ACCEPTED AND RELIEF DENIED**

Robert J. Campos & Associates, P.L.C., Phoenix
By Robert J. Campos
*Counsel for Petitioner*

Pinal County Attorney's Office, Florence
By Lauren E. Deakin
*Counsel for Real Parties in Interest State of Arizona*

Arizona Attorney General's Office, Tucson
By Marjorie S. Becklund
*Counsel for Real Parties in Interest MCAPD*

Legal Services for Crime Victims in Arizona, Sun City
By Jamie Balson
*Counsel for Real Parties in Interest K.K.*

---

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

**¶1**　　　　Joshua Jacobsen filed a special action petitioning this Court to reverse the denial of his petition for disclosure of his probationary file and to enter an order requiring the disclosure of his complete probation file, absent any victim information. This Special Action asks this Court to address whether a probation officer's notes in a probation file are subject to disclosure under Arizona Rule of the Supreme Court ("Rule") 123. For the following reasons, this Court accepts jurisdiction but denies the relief sought.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**　　　　In 2007, Jacobsen pled guilty to one count of Sexual Abuse and one count of Luring a Minor for Sexual Exploitation. He was sentenced to six months in jail and lifetime probation on both offenses. In anticipation of filing a petition to terminate his probation, Jacobsen filed a motion for disclosure seeking his complete probation file. The court denied the request for disclosure, finding that the request was overbroad and unnecessary and Jacobsen needed to be more specific. The court granted leave to file a supplemental motion to itemize the items needed, considering the confidentiality concerns raised by the State and the ability to get information without going through Adult Probation Department ("APD").

---

[1] Because a responsive pleading was not filed, the facts are taken solely from the Petition.

Jacobsen requested his entire file, again, but specified 19 items he wanted in the file.

¶3             Jacobsen retained Dr. Naegele and Beth Hoel for the purpose of evaluating his file for early termination of probation. Naegele and Hoel both wrote letters detailing the reasons the entire file was essential for a complete and accurate evaluation. The State objected, arguing Jacobsen could obtain his own medical records but offered in the alternative to provide limited disclosure if the court granted the motion. The State also argued any "[c]ase notes and log entries are the work product of the probation officer and are confidential pursuant to Rule 123. [And b]ecause there is no pending petition . . ., those documents should remain confidential." The court denied the motion again stating it lacked specificity as to the records requested and, that the "briefing appears to argue essentially an unfettered right at any time for the probation department to provide whatever documents Mr. Jacobsen desires, even when no litigation is active. That is not the role of ADP."

¶4             In 2024, Jacobsen filed a motion to terminate lifetime probation with leave to supplement his petition once he received his probation file. He also filed a renewed motion for disclosure. The court ordered APD to file a memorandum to the court "detailing [Jacobsen's] progress on probation, areas of compliance and non-compliance as well as the probation department's position on early termination." A probation officer filed a memorandum listing every alleged infraction, probation violation, non-compliance, or inaction allegedly committed by Jacobsen throughout his entire seventeen years while on probation. The memorandum recommended he "complete a final MSI-II Assessment" and "[p]ending the results of the MSI-II, he may be a candidate for early termination."

¶5             Jacobsen filed a motion to compel disclosure and requested leave to file his reply to the State's opposition for early termination once his probation file was disclosed. The court denied Jacobsen's motion for disclosure stating it historically denied the Defendant's requests for his entire probation file and will continue to deny discovery requests for the entire file, which spans almost two decades, as overly broad. This special action followed, and this Court has jurisdiction under Ariz. Const. art. 6, § 9, A.R.S. § 12-120.21(A)(4), and the Arizona Rules of Procedure for Special Actions.

## DISCUSSION

¶6        Jacobsen's challenge to the court's order argues three points: (1) Rule 123 was conceived as a mechanism for making court records available to the public and does not apply to him because he is not a public user; (2) pursuant to Rule 15.1(g), Arizona Rules of Criminal Procedure, Jacobsen is entitled to disclosure of his probation file because he has a substantial need for the file and cannot obtain the equivalent by any other means; and (3) pursuant to Arizona Rules of Evidence 702 through 705, Jacobsen is entitled to disclosure of his probation file.

### I.      Rule 123 prevents disclosure of a probation file unless ordered by a court.

¶7        This case presents a question of statutory interpretation, which this Court reviews *de novo*. *State ex rel. DES v. Pandola*, 243 Ariz. 418, 419, ¶ 6 (2018). This Court's "task in statutory construction is to effectuate the text if it is clear and unambiguous." *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19, ¶ 9 (2018). "Words in statutes should be read in context in determining their meaning." *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017).

¶8        The policy outlined in Rule 123 is that records should be open to members of the public but that "countervailing interests of confidentiality, privacy or the best interests of the state public access . . . may be restricted or expanded in accordance with the provision of this rule, or other provisions of law." Ariz. R. Sup. Ct. 123(c)(1). In this vein, though court records generally are open to the public, subsection (d) of the Rule restricts public access to specific categories of records including, "diagnostic evaluations, psychiatric and psychological reports, . . . social studies, probation supervision histories and any other records maintained as the work product of . . . probation officers." Ariz. R. Sup. Ct. 123(d)(2)(A). Such records are required to be separated and marked confidential from any other nonconfidential case records and only disclosed pursuant to "ARS § 41-1750 *et seq.* or by court order." Ariz. R. Sup. Ct. 123(d)(2)(B). Because the records Jacobsen seeks are confidential under Rule 123, the Rule does not provide a legal basis for disclosure of the probation file, and the court did not abuse its discretion in denying Jacobsen's request.

### II.      The court did not abuse its discretion under Rule 15.1 by denying Jacobsen's motion to compel.

¶9        Jacobsen next argues that he is entitled to disclosure of his entire probation file because he has a substantial need for the file and cannot

obtain the equivalent by any other means. This Court "review[s] the superior court's ruling for abuse of discretion." *State v. Mandell in & for Cnty. of Maricopa*, 253 Ariz. 97, 100, ¶ 9 (App. 2022).

**¶10**          This Court has held that the disclosure rules apply to probation revocation proceedings because defendants in such proceedings are "entitled to the minimum requirements of due process." *Kanuck v. Meehan*, 165 Ariz. 282, 284–285 (App. 1990). But that entitlement is not without its limits. The APD and its files are not included in the required disclosures under Rule 15.1. Thus Rule 15.1(g) governs a finding of substantial need for the material and that the material cannot be obtained through other means. Ariz. R. Crim. P. 15.1(g).  Jacobsen has failed to show why the court is required to disclose the entire file, nor has he shown why he needs the entire file. Jacobsen merely argues that the expert, Beth Hoel, whom Jacobsen retained to testify, explained why the probationer needs his complete file, without citing to any case law. Without anything more, he has failed to show how the court abused its discretion denying the entire file.

**¶11**          Jacobsen argues that under Arizona Rule of Criminal Procedure 26.6(a), he has the right to review all presentence, diagnostic, and mental health reports in his file. But *State ex rel. Corbin v. Superior Court In & For Maricopa County* (1968), provides "[t]he trial judge in his sound discretion must determine the reasonableness of a request for the exercise of his inherent power to grant discovery which request might merely be a disguised attempt at a 'fishing expedition' by the defense." 103 Ariz. 465, 468. *Corbin* also expressly limits examination of law enforcement work product absent a showing that discovery has been subverted or circumstances where the defendant could not otherwise obtain the information. *Id.* at 468–69.

**¶12**          Here, Jacobsen has not shown that the court abused its discretion in denying the motion to compel. Jacobsen has not demonstrated a substantial need nor that he is unable to obtain the requested records elsewhere. The court has provided an opportunity for Jacobsen to request specific documents, or categories of documents, which Jacobsen has not done. Though the record provided demonstrates that specific documents were requested, the request was still for the entire file, and the court did not abuse its discretion in denying the request. *See United States v. Derewal*, 66 F.3d 52, 55 (3d Cir. 1995) (holding "that the district court did not err in refusing to order the production of the probation officer's entire file").

### III. The Rules of Evidence do not require disclosure of the entire probation file.

¶13　　　　Jacobsen argues that absent the court granting his request for his entire file, both his experts will face challenges from the State similar to *Alma S. v. Dep't of Child Safety* (App. 2017) because the experts' testimony will lack foundation due to not having independent records to review and insufficient knowledge of the facts to support their testimony. *See* 244 Ariz. 152, 158–62, ¶¶ 18–33. But *Alma* is not good law. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 152, ¶¶ 21, 23 (2018) (holding that the deferential standard of review supported the sufficiency of the evidence finding and vacating this Court's opinion).

¶14　　　　Jacobsen also cites Arizona Rules of Evidence 702 through 705 in an attempt to bolster his argument that without such information, the experts will be objected to. Rule 702 discusses who a qualified expert is and the ways the expert may testify. *See* Ariz. R. Evid. 702. Rule 703 discusses what facts the expert may base her opinion on. *See* Ariz. R. Evid. 703. Rule 704 discusses that an expert opinion is "not [automatically] objectionable just because it embraces an ultimate issue." *See* Ariz. R. Evid. 704. Lastly, Rule 705 discusses that "an expert may state an opinion . . . without first testifying to the underlying facts or data" but "may be required to disclose those facts or data on cross-examination." *See* Ariz. R. Evid. 705. None of these rules require disclosure. Instead, they all speak to the admissibility of evidence and testimony. The Rules of Evidence do not circumvent the requirement of Rule 15.1(g) that the court find substantial need and that the information cannot be otherwise obtained. Jacobsen's citation to the rules of evidence do not support his position.

¶15　　　　While Jacobsen is entitled to due process in his probation, a blanket request for his entire probation file is burdensome and does not require full disclosure. *See Corbin*, 103 Ariz. at 468 (holding that while fundamental fairness requires the disclosure of necessary items for a defendant's case, this does not equate to full disclosure and a court has discretion to place limits on what must be disclosed, balancing against other interests such as the prosecution's work product).

**CONCLUSION**

**¶16** Jacobsen has not demonstrated that he is entitled to the records he seeks under Rule 123 or that the court abused its discretion in denying his motion to compel. This Court grants jurisdiction but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

7